# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
PACIFIC GAS AND ELECTRIC COMPANY

**DEFENDANTS**
THOMAS KNOWLES and THOMAS HICKS

CV 08 1211 TEH

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

SUSAN T. KUMAGAI, ESQ. (State Bar No. 127667)
LAFAYETTE & KUMAGAI LLP
100 Spear Street, Suite 600, San Francisco, California 94105
Telephone: (415) 357-4600, Facsimile: (415) 357-4605

Attorneys (If Known)

DANIEL B. BECK, ESQ. (SBN 63865)
BECK LAW, P.C.
2681 Cleveland Avenue, Santa Rosa, California 95403
Tel: (707) 576-7175, Fax: (707) 576-187

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [X] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Section 301 of the Labor Management Relations Act
Brief description of cause:
Petition to Vacate Arbitration Award

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". Knowles/Hicks v. PGE and IBEW, Case No. C07-2284-CW

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
**(PLACE AND "X" IN ONE BOX ONLY)**
[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE 2/29/08

SIGNATURE OF ATTORNEY OF RECORD
[signature]

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
PACIFIC GAS AND ELECTRIC COMPANY

## DEFENDANTS
THOMAS KNOWLES and THOMAS HICKS

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

SUSAN T. KUMAGAI, ESQ. (State Bar No. 127667)
LAFAYETTE & KUMAGAI LLP
100 Spear Street, Suite 600, San Francisco, California 94105
Telephone: (415) 357-4600, Facsimile: (415) 357-4605

Attorneys (If Known)

DANIEL B. BECK, ESQ. (SBN 63865)
BECK LAW, P.C.
2681 Cleveland Avenue, Santa Rosa, California 95403
Tel: (707) 576-7175, Fax: (707) 576-187

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Section 301 of the Labor Management Relations Act

Brief description of cause:
Petition to Vacate Arbitration Award

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". - Knowles/Hicks v. PGE and IBEW, Case No. C07-2284-CW

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND      ☐ SAN JOSE

DATE                SIGNATURE OF ATTORNEY OF RECORD

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
GLEN TURNER (State Bar No. 212417)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605
skumagai@lkclaw.com
gturner@lkclaw.com

STEPHEN L. SCHIRLE (State Bar No. 96085)
MARK H. PENSKAR (State Bar No. 77725)
DARREN P. ROACH (State Bar No. 159998)
77 Beale Street, B30A
P.O. Box 7442
San Francisco, California 94105
Telephone: (415) 973-6345
Facsimile: (415) 973-5520
dprc@pge.com

Attorneys for Petitioner
PACIFIC GAS AND ELECTRIC COMPANY

FILED
FEB 29 A 9: 12

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 08 1211 TEH

In the matter of the Arbitration between

PACIFIC GAS AND ELECTRIC COMPANY,

Petitioner,

And

THOMAS KNOWLES and THOMAS HICKS,

Respondents.

Case No.

**PACIFIC GAS AND ELECTRIC COMPANY'S PETITION TO VACATE ARBITRATOR'S INTERIM AWARD AND REQUEST FOR STAY OF ARBITRATION PROCEEDING**

Petitioner Pacific Gas and Electric Company ("Petitioner" or "PG&E") respectfully requests an order vacating an interim arbitration award issued by Norman Brand of the American Arbitration Association. The underlying arbitration was initiated by Respondents Thomas Knowles ("Knowles") and Thomas Hicks ("Hicks") (collectively "Respondents"). The ground
1

for vacating the Interim Award is that the Arbitrator acted in manifest disregard of the law when he found that Respondents' state law claims for alleged breach of oral agreement and violation of the covenant of good faith and fair dealing are arbitrable and not preempted under Section 301 of the Labor Management Relations Act., 29 U.S.C. §§185 *et seq.* ("LMRA").

Petitioner seeks to vacate the Interim Award pursuant to the Federal Arbitration Act, 9 U.S.C. §§10 *et seq.* and a stay of the arbitration proceedings pending the motion to vacate the Interim Award.

Petitioner respectfully alleges as follows:

## PARTIES

1. Petitioner PG&E is a regulated utility that provides gas and electric power to Northern and Central California. PG&E is a California corporation with its principal place of business in San Francisco, California.

2. Respondents Knowles and Hicks are former PG&E employees. They were employed as Fleet Maintenance Mechanics and were members of a bargaining unit represented by the Local Union Number 1245 of the International Brotherhood of Electrical Workers ("IBEW"). While employed by PG&E, Knowles and Hicks' employment was governed by the terms of an agreement between Pacific Gas and Electric Company and the IBEW ("the CBA").

## JURISDICTION

3. This Court has jurisdiction to adjudicate this petition pursuant to the Federal Arbitration Act, 9 U.S.C. §10(a), because this matter presents a federal question as to the interpretation and applicability of the doctrine of claim preemption under Section 301 of the LMRA.

## INTRADISTRICT ASSIGNMENT

4. This Court is the proper court for this matter because the events giving rise to this petition, specifically, the entry of the Arbitrator's Interim Award, occurred in San Francisco, California.

2

PACIFIC GAS AND ELECTRIC COMPANY'S PETITION TO VACATE ARBITRATOR'S
INTERIM AWARD AND REQUEST FOR STAY OF ARBITRATION PROCEEDING

## THE SEVERANCE AGREEMENTS

5. On or about July 6, 2001, PG&E and Knowles entered into a written Severance Agreement and Release regarding Knowles' employment with PG&E and separation therefrom. Among other things, Knowles agreed to release PG&E from any claims, rights or privileges that he may have had relating to his employment with PG&E in exchange for valuable consideration, including a cash payment of $58,183.24 to Knowles. A true and correct copy of this Severance Agreement and Release (hereafter referred to as "Knowles' Severance Agreement and Release") is hereto attached as Exhibit A and incorporated as if set forth herein by reference.

6. On or about July 2, 2001, PG&E and Hicks entered into a written Severance Agreement and Release regarding Hicks' employment with PG&E and separation therefrom. Among other things, Hicks agreed to release PG&E from any claims, rights or privileges that he may have had relating to his employment with PG&E in exchange for valuable consideration, including a cash payment of $67,520.59 to Hicks. A true and correct copy of this Severance Agreement and Release (hereafter referred to as "Hicks' Severance Agreement and Release") is hereto attached as Exhibit B and incorporated as if set forth herein by reference.

7. The Knowles' Severance Agreement and Release and the Hicks' Severance Agreement and Release (collectively referred to as "the Severance Agreements") both involve commerce because materials generated during Respondents' employment were used in commerce and PG&E was engaged in activities that affected commerce.

8. Under the Severance Agreements, Knowles and Hicks each agreed to hold PG&E harmless from actions, causes of action and claims relating to his employment with PG&E including those arising under federal, state or local laws relating to employment discrimination based on age, contract or tort. (Severance Agreements, ¶ 4) Further, Knowles and Hicks understood the release extended to all claims whatsoever, known or unknown, under section 1542 of the California Civil Code. (Severance Agreements, ¶ 5)

9. In Paragraph 6 of the Severance Agreements, Knowles and Hicks each promised "not to initiate, participate or aid, in any way, in any lawsuit or proceeding upon any claim released by him/her under this Severance Agreement and Release." They agreed that a violation

3

PACIFIC GAS AND ELECTRIC COMPANY'S PETITION TO VACATE ARBITRATOR'S
INTERIM AWARD AND REQUEST FOR STAY OF ARBITRATION PROCEEDING

of this paragraph constituted a material breach of the Severance Agreements. (Severance Agreements, ¶ 6)

10. In Paragraph 11 of the Severance Agreements, Knowles and Hicks agreed that "[a]ny dispute regarding any aspect of this Severance Agreement and Release, including its validity, interpretation, or any action which would constitute a violation of this Severance Agreement and Release (hereinafter referred to as an 'arbitrable dispute') shall be resolved by an experienced arbitrator . . . ."

11. In Paragraph 15 of the Severance Agreements, Knowles and Hicks agreed that the Severance Agreements fully superseded any and all prior agreements and understandings, and that any future agreements had to be contained in a writing executed by an authorized PG&E official. In Paragraph 16, Knowles and Hicks agreed that they understood the terms of the Severance Agreements, had been advised to seek legal counsel of their choosing, and that the only agreements made are those contained in the Severance Agreements. (Severance Agreements ¶¶ 15-16) Finally, Knowles and Hicks were warned as follows: "PLEASE READ CAREFULLY. THIS SEVERANCE AGREEMENT AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS." (Severance Agreements, Pg. 5)

### THE PRIOR CIVIL ACTIONS

12. On or about August 23, 2006, Knowles and Hicks filed a civil lawsuit against PG&E in the Superior Court for the State of California alleging breach of the Severance Agreements ("the first civil action"). PG&E removed the first civil action to this Court and, on or about October 30, 2006, Knowles and Hicks voluntarily dismissed the first civil action.

13. On or about April 26, 2007, Knowles and Hicks initiated a second civil action against PG&E in this Court entitled *Thomas Knowles and Thomas Hicks v. Pacific Gas And Electric Company, Deanna Radford, and Does 1-20*, Action No. C 07-2284, claiming breach of contract, breach of the covenant of good faith and fair dealing, and age discrimination ("the second civil action"). Knowles and Hicks sought damages for alleged denial of re-employment

4

1 benefits in the second civil action. The claims asserted in Knowles and Hicks' second civil
2 action are identical to the claims asserted in the arbitration which is the subject of this Petition.[1]

3     14.    Knowles and Hicks' attempt to assert the identical claims and recover the identical
4 relief in two forums (private arbitration and civil litigation) violates the primary right doctrine.

5     15.    On or about July 30, 2007, PG&E filed a motion to dismiss the second civil action
6 filed by Knowles and Hicks. On November 29, 2007, the Court granted PG&E's motion to
7 dismiss because it determined that Respondents' claims were preempted by Section 301 of the
8 LMRA. The Court accorded Respondents leave to amend to allege viable claims under the
9 LMRA, if possible. A true and correct copy of the Court's Order Granting Defendant PG&E's
10 Motion to Dismiss with Leave to Amend is hereto attached as Exhibit C and incorporated as if set
11 forth herein by reference.

12     16.    On or about December 5, 2007, Knowles and Hicks filed an Amended Complaint
13 in the second civil action.

14     17.    On or about December 26, 2007, PG&E filed a Motion to Dismiss the Amended
15 Complaint in the second civil action.

16     18.    PG&E's motion to dismiss the Amended Complaint in the second civil action will
17 be heard on March 6, 2008.

## CHALLENGED ARBITRATION AWARD

19     19.    On or about January 12, 2007 (after filing and voluntarily dismissing the first civil
20 action and before filing the second civil action), Respondents filed demands for arbitration with
21 the American Arbitration Association alleging breach of written contract, specifically denial of
22 alleged "promised employment benefits and preferential rights to re-employment" and age
23 discrimination. Respondents later, on March 21, 2007, alleged the promise for preferential re-
24 hire rights was made orally, therefore, their claim included breach of an oral agreement.

25     20.    PG&E filed a motion to dismiss the arbitration on June 8, 2007, based upon,
26 among other grounds, preemption under Section 301 of the LMRA. PG&E also claimed the

---

[1] Petitioner is filing an Administrative Motion to Relate Cases pursuant to Local Rule 3-12(b) concurrently herewith.

5

1  written contract did not provide a basis for arbitration. Respondents opposed the motion.
2  Arbitrator Norman Brand of the American Arbitration Association (the "Arbitrator") held a
3  hearing on August 14, 2007, in the City and County of San Francisco, State of California, which
4  is within the district in which this Court sits, at which both parties appeared and provided
5  argument and evidence on PG&E's motion to dismiss.

6      21.    At the hearing on PG&E's motion to dismiss, the Arbitrator requested that the
7  parties provide supplemental briefing on the issue of whether preemption under Section 301 of
8  the LMRA applied to the arbitration. Both parties provided supplemental briefing.

9      22.    On December 3, 2007, in San Francisco, California, the Arbitrator made an
10  Interim Award, in writing, granting in part and denying in part PG&E's motion to dismiss (the
11  "Interim Award"). The Arbitrator's Interim Award was delivered to the parties. (A true and
12  correct copy of the Interim Award is hereto attached as Exhibit D and incorporated as if set forth
13  herein by reference.)

14      23.    In making the Interim Award, the Arbitrator exceeded his powers and acted in
15  manifest disregard of the law by finding that Respondents' claim for breach of an alleged oral
16  promise of re-employment rights – a right that exists only under the CBA – and a companion
17  claim for violation of the implied covenant of good faith and fair dealing could be arbitrated
18  because the claim "does not assert any right allegedly created by" the CBA (Arbitration Award,
19  Pg. 7) and "does not require [the arbitrator] to interpret the CBA." (Arbitration Award, Pg. 9)
20  The Arbitrator recognized that any claim requiring interpretation of the CBA is preempted under
21  Section 301 of the LMRA as demonstrated by his request for additional briefing on Section 301
22  preemption and his finding that Respondents "cannot arbitrate their rights under the CBA in this
23  arbitration." (Arbitration Award, Pg. 9) The Arbitrator disregarded Section 301, however, in
24  concluding that "there does not appear to be any basis for applying Section 301 to preemption to
25  prevent arbitration of this claim." (Arbitration Award, Pg. 9)

6

PACIFIC GAS AND ELECTRIC COMPANY'S PETITION TO VACATE ARBITRATOR'S
INTERIM AWARD AND REQUEST FOR STAY OF ARBITRATION PROCEEDING

1    Further, the Arbitrator erred in finding that the parties agreed to litigate a claim for breach
2 of an oral contract. No written agreement exists or has ever been presented that demonstrates a
3 mutual understanding that the parties would accept arbitration of a claim for breach of an oral
4 contract.
5    WHEREFORE, Petitioner moves the Court for:
6    1.   An order staying all arbitration proceedings pending the civil action;
7    2.   An order vacating the Interim Arbitration award to the extent it denied Petitioner's
8 Motion to Dismiss;
9    3.   Costs of suit and attorney fees; and
10   4.   Such other relief as the Court may see fit to grant.

12 Dated: February 27, 2008         LAFAYETTE & KUMAGAI LLP

                                    SUSAN T. KUMAGAI
                                    Attorneys for Petitioner
                                    PACIFIC GAS AND ELECTRIC COMPANY

N:\Documents\PGE\Know\Pldg\Petition to Vacate Arbitator's Award.doc

7

PACIFIC GAS AND ELECTRIC COMPANY'S PETITION TO VACATE ARBITRATOR'S
INTERIM AWARD AND REQUEST FOR STAY OF ARBITRATION PROCEEDING