ORIGINAL

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
GLEN TURNER (State Bar No. 212417)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605
skumagai@lkclaw.com
gturner@lkclaw.com

STEPHEN L. SCHIRLE (State Bar No. 96085)
MARK H. PENSKAR (State Bar No. 77725)
DARREN P. ROACH (State Bar No. 159998)
77 Beale Street, B30A
P.O. Box 7442
San Francisco, California 94105
Telephone: (415) 973-6345
Facsimile: (415) 973-5520
dprc@pge.com

FILED

FEB 2  2008

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIF.

Attorneys for Petitioner
PACIFIC GAS AND ELECTRIC COMPANY

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In the matter of the Arbitration between | Case No. CV 08 1211 TEH |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, | **PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY ARBITRATION** |
| Petitioner, | |
| And | |
| THOMAS KNOWLES and THOMAS HICKS, | Date:        April 7, 2008<br>Time:        10:00 a.m.<br>Location:    Courtroom 12, 19th Floor<br>Judge:       Hon. Thelton E. Henderson |
| Respondents. | |

## TABLE OF CONTENTS

Page No.

I.    SUMMARY OF ARGUMENT ............................................................................................ 4

II.   STATEMENT OF FACTS ................................................................................................. 5

      A.    The Underlying Facts Of The Dispute ..................................................................... 5

            1.    The Alleged Preferential Re-Hire Rights Were Created By The Collective
                  Bargaining Agreement .................................................................................... 5

            2.    Respondents Voluntarily Signed Valuable Severance Agreements When
                  They Left PG&E ............................................................................................. 7

      B.    The Challenged Interim Arbitration Award .............................................................. 8

      C.    Despite This Court's Determination That Respondents' Oral Contract Claims
            Were Preempted By Section 301, The Arbitrator Ruled The Claims Can Proceed
            ................................................................................................................................. 10

III.  DISCUSSION ................................................................................................................... 13

      A.    The Standard For Vacating An Arbitration Award ................................................ 13

      B.    The Interim Award Must Be Vacated Because The Arbitrator Exceeded His
            Powers and Acted In Manifest Disregard of Law Because The Severance
            Agreements Are Fully Integrated And Were The Parties' Final Expression Of
            Their Agreement ..................................................................................................... 14

      C.    The Interim Award Must Be Vacated Because The Arbitrator Exceeded His
            Powers And Acted In Manifest Disregard Of Law Because No Writing Exists
            Establishing An Agreement to Arbitrate Oral Contracts Between the Parties_ .... 15

      D.    The Arbitration Award Must Be Vacated Because The Arbitrator Exceeded His
            Powers And Acted In Manifest Disregard Of Law When He Found That
            Respondents' Claims Were Not Preempted By Section 301 ................................. 16

            1.    The Law On Section 301 Preemption Is Well-Established ...................... 17

            2.    Respondents' Breach Of Oral Contract Claim Requires Interpretation Of
                  The Collective Bargaining Agreement ........................................................ 19

            3.    Respondents' Breach Of The Covenant Of Good Faith Claim Is Preempted
                  Because Resolution Of The Claim Requires Interpretation Of The
                  Collective Bargaining Agreement ............................................................... 22

            4.    The Arbitrator's Decision Thwarts The Policy Rationale Underlying
                  Section 301 .................................................................................................. 23

i

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    E.    A Stay Of The Arbitration Is Warranted Because Respondents Filed
           Identical Claims In Both Federal Court And Arbitration, Splitting Claims, Which
2          Is Barred .................................................................................................................... 24

3    IV.    CONCLUSION ............................................................................................................ 25s

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

ii

1

## **TABLE OF AUTHORITIES**

2

**Page No.**

3

**Federal Cases**

4

*Aguilera v. Pirelli Armstrong Tire Corp.,*
  223 F.3d 1010 (9th Cir. 2000)................................................................................19

5

*Allis-Chalmers Corp. v. Lueck,*
6   471 U.S. 202 (1985) .................................................................................................17, 22

7

*Associated Builders & Contractors v. Intern. Of Elec. Workers, v. Local 302,*
8   109 F.3d 1353 (9th Cir. 1979)................................................................................24

*Audette v. ILWU,*
9   195 F.3d 1007 (9th Cir. 1999).................................................................................22

10

*Beals v. Kiewit Pacific Company, Inc.,*
11   114 F.3d 892 (9th Cir. 1997)...................................................................................18

*Caterpillar Inc. v. Williams,*
12   482 U.S. 386 (1987) ..................................................................................11, 17, 20, 21

13

*Chmiel v. Beverly Wilshire Hotel Co.,*
14   873 F.2d 1283 (9th Cir. 1989)................................................................................19, 22

*Collins v. D.R. Horton,*
15   505 F.3d 874 (9th Cir. 2007)...................................................................................14

16

*Comedy Club, Inc. v. Improv West Associates,*
   502 F.3d 1100 (9th Cir. 2007).................................................................................14
17

*Electrical Workers v. Hechler,*
18   481 U.S. 859.............................................................................................................21

19

*First Options v. Kaplan,*
   514 U.S. 938 (1995)................................................................................................15
20

*Franchise Tax Board v. Construction Laborers Vacation Trust of So. Cal.,*
21   463 U.S. 1 (1983) ....................................................................................................3, 17

22

*Galvan v. Hyatt Regency San Francisco Airport,*
   1998 WL 865280 (N.D. Cal. Dec. 7, 1998) ...........................................................19, 22
23

*Harris v. Alumax Mill Products, Inc.,*
24   897 F.2d 400 (9th Circuit 1990)..............................................................................22

25

*Hollinquest v. St. Francis Medical Center,*
   872 F. Supp. 723, (C.D. Cal. Aug. 26, 1994).........................................................19
26

*Humble v. Boeing,*
27   305 F.3d 1004 (9th Cir. 2002).................................................................................17

28

iii

PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO
VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY (Case No. CV 08 1211 TEH)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

*IBEW v. Hechler,*
  481 U.S. 851 (1987) ....................................................................................................................23

*Iconix, Inc. v. Tokuda,*
  457 F. Supp.2d 969 (N.D.Cal. 2006)..........................................................................................14

*Lingle v. Norge Division of Magic Chef, Inc.,*
  486 U.S. 399 (1988) ....................................................................................................................17

*Local 174, Teamsters v. Lucas Flour Co.,*
  369 U.S. 95 (1962) ......................................................................................................................17

*Mascitelli v. Fleming Foods, Inc.,*
  1997 WL 797820 (N.D. Cal. Dec. 10, 1997) .............................................................................19

*Stallcop v. Kaiser Foundation Hospital,*
  820 F.2d 1044 (9th Circuit 1987) ...............................................................................................20

*Todd v. Safeway, Inc.,*
  1998 WL 556577 (N.D. Cal. Aug. 28, 1998) .........................................................................19, 22

*United Steelworkers of America v. Warrior & Gulf Navigation. Co.,*
  363 U.S. 574 (1960) ....................................................................................................................23

*Young v. Anthony's Fish Grottos, Inc.,*
  830 F.2d 993 (9th Cir. 1987)..........................................................................................12, 18, 20, 24

**California Cases**

*Banner Entertainment, Inc. v. Superior Court,*
  62 Cal.App.4th 348 .....................................................................................................................16

*Blatt v. Farley,*
  226 Cal.App.3d 621 (1990)......................................................................................................15, 16

*Boucher v. Alliance Title Co.,*
  127 Cal.App.4th 262 (2005).........................................................................................................16

*Boys Club of San Fernando Valley v. Fidelity & Deposit Co.,*
  6 Cal.App.4th 1266 (1992)........................................................................................................15, 16

*County of Contra Costa v. Kaiser Foundation Health Plan, Inc.,*
  47 Cal.App.4th 237 (1996)...........................................................................................................15

*Crippen v. Central Valley RV Outlet,*
  124 Cal.App.4th 1159 (2004)........................................................................................................15

*Crowley v. Katleman,*
  8 Cal. 4th 666 (1994)...................................................................................................................24

*Engalla v. Permanente Medical Group, Inc.,*
  15 Cal. 4th 951 (1997)..................................................................................................................15

iv

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

*Foley v. Interactive Data Corp.*,
   47 Cal. 3d 654 (1988)..............................................................................................................22

*Hotels Nevada v. L.A. Pacific Center, Inc.*,
   144 Cal.App.4th 754 (2006)....................................................................................................15

*Levy v. Skywalker Sound*,
   108 Cal.App.4th 753 (2003)..............................................................................................19, 22

*Marsch v. Williams*,
   23 Cal.App.4th 250 (1994)......................................................................................................15

*Moncharsh v. Heily & Blasé*,
   3 Cal. 4th 1 (1992)..................................................................................................................15

*Rosenthal v. Great Western Fin. Securities Corp.*,
   14 Cal. 4th 394 (1996)............................................................................................................15

*Victoria v. Superior Court*,
   40 Cal. 3d 734 (1985)............................................................................................................15

*Wang v. Massey Chevrolet*,
   97 Cal.App.4th 856 (2002)......................................................................................................14

*Wulfjen v. Dolton*,
   24 Cal.2d 891 (1944)..............................................................................................................25

**California Statutes**

Code of Civ. Proc. §1856(a)........................................................................................................14

Code of Civ. Proc. §1281.2 ........................................................................................................15

**Federal Regulations**

29 U.S.C. §185 ..............................................................................................................................2

9 U.S.C. §1 ..................................................................................................................................13

9 U.S.C. §12 ................................................................................................................................14

9 U.S.C. §10 ..................................................................................................................................1

PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO
VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY (Case No. CV 08 1211 TEH)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO VACATE
ARBITRATOR'S INTERIM AWARD**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on April 7, 2008 at 10:00 a.m., or as soon thereafter as counsel may be heard in the above-titled court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Petitioner Pacific Gas and Electric Company ("Petitioner" or "PG&E") will, and hereby does, move this Court, pursuant to 9 U.S.C. §§10 *et seq.*, for (1) an order vacating the interim award in the arbitration proceeding initiated by Respondents Thomas Knowles ("Knowles") and Thomas Hicks ("Hicks") (collectively "Respondents") purportedly under the terms of a Severance Agreement and Release both Respondents entered into in connection with their employment with PG&E and severance therefrom (collectively "the Severance Agreements"); and, (2) for a stay of the arbitration proceedings as Respondents have split their causes of action, and are litigating the same claims seeking the same relief in two forums.

The requested relief is proper because: (1) Arbitrator Norman Brand (the "Arbitrator") acted in manifest disregard of the law when he concluded that Respondents' claims for alleged breach of oral agreement and breach of the implied covenant of good faith and fair dealing in the oral agreement were arbitrable because the Severance Agreements contain an unambiguous integration clause providing that they "set forth the entire agreement between the parties and fully supersede[ ] any and all prior agreements or understandings"; (2) the Arbitrator acted in manifest disregard of the law when he concluded that Respondents' claims for alleged breach of oral agreement and breach of the implied covenant of good faith and fair dealing in the oral agreement were arbitrable because PG&E and Respondents never entered into a written agreement to arbitrate oral contracts; (3) the Arbitrator acted in manifest disregard of the law when he concluded that Respondents' claims for alleged breach of oral agreement and breach of the implied covenant of good faith and fair dealing in the oral agreement were arbitrable because PG&E and Respondents did not agree to arbitrate claims arising out of an alleged oral contract; (4) the Arbitrator acted in manifest disregard of the law when he concluded that Respondents' claims for alleged breach of oral agreement and breach of the implied covenant of good faith

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1

PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO
VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY (Case No. CV 08 1211 TEH)

1   and fair dealing in the oral agreement were arbitrable because Respondents seek rights created

2   pursuant to a collective bargaining agreement between PG&E and the International Brotherhood

3   of Electrical Workers, Local 1245 ("the CBA") such that their determination requires reference to

4   and interpretation of the CBA and thus the claims are preempted under Section 301 of the Labor

5   Management Relations Act., 29 U.S.C. §§185 *et seq.* ("LMRA"); and (5) a stay of the arbitration

6   proceedings is necessary to avoid inconsistent rulings and unnecessary expenditure of time and

7   resources because Respondents have split their causes of action and are litigating identical claims

8   and seeking the same relief in two forums.

9       The Motion to Vacate Arbitrator's Interim Award and to Stay Arbitration is based on this

10  Notice of Motion and Motion, the Memorandum of Points and Authorities, the supporting

11  Declaration of Susan T. Kumagai, the pleadings on file herein and such arguments and

12  admissible evidence as may be presented at the time of hearing.

### STATEMENT OF ISSUES AND RELIEF REQUESTED

13  

14  **1.      PG&E requests that the Court vacate the interim arbitration award because**

15  **the Arbitrator acted in manifest disregard of the law when he found that the alleged oral**

16  **agreement and implied covenant claims could be arbitrated.  The Severance Agreements**

17  **contain an unambiguous integration clause providing that they "set forth the entire**

18  **agreement between the parties and fully supersede[ ] any and all prior agreements or**

19  **understandings." As such, Respondents' claims for breach of a prior oral agreement are**

20  **not viable.**  California law provides that the terms set forth in a writing intended by the parties as

21  a final expression of their agreement may not be contradicted by evidence of any prior agreement

22  or of a contemporaneous oral agreement.  The Severance Agreements were the parties' final

23  expression of their agreement as provided in the integration clauses contained therein.  The

24  Severance Agreements thus superseded any alleged prior or contemporaneous agreements

25  between the parties, including any alleged oral agreements for 60-month preferential re-hire

26  rights.

27  **2.      PG&E requests that the Court vacate the interim arbitration award because**

28  **the Arbitrator acted in manifest disregard of the law when he found that the alleged oral**  2

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  **agreement and implied covenant claims could be arbitrated. An agreement to arbitrate**

2  **must be in writing. The parties did not agree in writing to submit such claims to**

3  **arbitration, and Respondents cannot meet the statutorily-required showing for a valid**

4  **agreement to arbitrate.** The Arbitrator allowed Respondents to proceed on a claim for breach

5  of an alleged oral agreement and a claim for breach of the implied covenant of good faith and fair

6  dealing arising from the oral agreement because he found the claims were distinct from claims

7  asserted under the CBA and were "covered by the arbitration clause's explicit language."[1]

8  Controlling California law, however, requires that any agreement to arbitrate must be in writing.

9  Established law also limits the scope of an arbitration only to those matters the parties agreed to

10  submit to arbitration. Respondents have not – and cannot – meet the required showing of a valid

11  agreement to arbitrate. Respondents have not alleged that the oral agreement included an

12  agreement to arbitrate. No authority exists for the Arbitrator to act without a written agreement

13  to arbitrate.

14  **3.      PG&E requests that the Court vacate the interim arbitration award issued by**

15  **the Arbitrator because he acted in manifest disregard of the law when he found that**

16  **Respondents' claims for alleged breach of oral agreement and alleged violation of the**

17  **covenant of good faith and fair dealing are preempted by Section 301 of the LMRA**

18  **("Section 301").** Section 301 completely preempts state law claims that require interpretation of

19  a collective bargaining agreement for their resolution. "[T]he preemptive force of Section 301 is

20  so powerful as to displace entirely any state cause of action 'for violation of contracts between an

21  employer and a labor organization.'" *Franchise Tax Board v. Construction Laborers Vacation*

22  *Trust of So. Cal.*, 463 U.S. 1 (1983). The Arbitrator acted in manifest disregard of the law when

23  he determined that Respondents' claim for breach of an alleged oral promise of preferential re-

24  employment rights – which exist only under the CBA – and a companion claim for violation of

25  the implied covenant of good faith and fair dealing in the oral agreement could be arbitrated

26

27

28  [1] Declaration of Susan T. Kumagai in Support of PG&E's Motion to Vacate Arbitrator's Interim Award and Dismiss Arbitration ("hereafter "Kumagai Dec.") at ¶15, Exhibit 13 (at p. 7).

PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO
VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY (Case No. CV 08 1211 TEH)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

3

1  because they "do[ ] not assert any right allegedly created by" the CBA[2] and "do[ ] not require

2  [the arbitrator] to interpret the CBA."[3]  Under Section 301 principles, all oral agreements of

3  employment – if they can exist at all in a unionized environment – must be interpreted as part of

4  a labor-negotiated CBA.

5  **4.  PG&E requests a stay of the arbitration proceedings to avoid inconsistent

6  rulings and unnecessary litigation costs.**  Respondents have split their causes of action, and

7  they are litigating the same claims seeking the same relief in two forums.  The stay is requested

8  to avoid two proceedings on the same claims.

9  ## MEMORANDUM OF POINTS AND AUTHORITIES

10  ### I.  SUMMARY OF ARGUMENT

11  Respondents Knowles and Hicks, former fleet maintenance employees for PG&E, were

12  members of a collective bargaining unit – the International Brotherhood of Electrical Workers,

13  Local 1245, Local 1245 ("IBEW").  The terms and conditions of Respondents' employment with

14  PG&E were governed by only one agreement – the CBA between the IBEW and PG&E, and any

15  claims alleging violation of collectively-bargained agreements are exclusively governed by

16  federal law.

17  In the underlying arbitration, Respondents seek re-employment rights created pursuant to

18  the CBA and which PG&E and the IBEW did not grant to Plaintiffs' job class.  Respondents

19  claim that a PG&E employee (Deanna Radford) orally promised them the CBA preferential re-

20  hire rights as an inducement to enter into Severance Agreements.  In fact, Respondents each

21  entered into a Severance Agreement with PG&E in July 2001, and each was paid more than

22  $58,000 for agreeing to abide by the terms of the Severance Agreements.  The Severance

23  Agreements do not promise Respondents any re-employment rights.  However, the Severance

24  Agreements do contain integration clauses.

25  In January 2007, some five years after entering into the Severance Agreements,

26  Respondents – for the first time – asserted they were orally promised preferential re-employment

27

28  [2] Kumagai Dec., ¶15, Exhibit 13 (at p. 7).
   [3] Kumagai Dec., ¶15, Exhibit 13 (at p. 9).

4

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1 rights in addition to the consideration set forth in the Severance Agreements.[4]

2       Respondents filed a demand for arbitration, claiming the arbitration provisions of the

3 Severance Agreements permitted such claims. PG&E moved to dismiss their claims. The

4 Arbitrator determined that Respondents' age discrimination claim and breach of contract claim

5 were not arbitrable. However, the Arbitrator found that Respondents' claims for breach of an

6 alleged oral agreement for re-employment rights and breach of the implied covenant in the

7 alleged oral agreement are arbitrable and not preempted by Section 301 of the LMRA. While the

8 Severance Agreements contain a written arbitration clause, the arbitration clause does not permit

9 arbitration of oral agreement claims. There is no written agreement to arbitrate oral agreements

10 between the parties. Moreover, Respondents' claims require interpretation of the CBA and thus

11 they are preempted by Section 301. Indeed, this Court found that the identical claims – which are

12 also the subject of a pending civil lawsuit filed by Respondents – were preempted by Section

13 301. PG&E seeks to vacate the Arbitrator's award to the extent he denied PG&E's motion to

14 dismiss and awarded Respondents the right to arbitrate their claims for breach of oral agreement

15 and breach of the implied covenant of good faith and fair dealing in the oral agreement.

## II.  STATEMENT OF FACTS

### A.  The Underlying Facts Of The Dispute

#### 1.  The Alleged Preferential Re-Hire Rights Were Created By The Collective Bargaining Agreement

Respondents were represented by the IBEW while employed by PG&E, and the terms and

conditions of their employment were governed by the CBA entered into by IBEW and PG&E.[5]

The CBA established the IBEW as the exclusive representative "with respect to rates of pay,

hours of employment and other conditions of employment" for all unionized positions.

(Emphasis added).[6]

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

---

[4] Prior to Respondents' assertion of preferential re-hire rights in January 2007, there is no record of Respondents' intent to exercise these alleged rights.

[5] Kumagai Dec., ¶4, Exhibit 3, Exhibit D (CBA).

[6] Kumagai Dec., ¶4, Exhibit 3, Exhibit D (CBA, §2.1 at p. 1).

5

PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO
VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY (Case No. CV 08 1211 TEH)

1    Respondents were employed at a PG&E power plant called the Geysers.[7] PG&E operated

2 the Geysers until 1999 when it sold the plant.[8] To ensure the new owners could safely continue

3 operations of the plant, the California Public Utilities Commission required that PG&E enter into

4 two-year agreements for the operation and maintenance of the plant.[9]

5    In 1997, PG&E and IBEW agreed upon a benefits package for certain employees laid off

6 by the divestiture of power plants. The benefits package was memorialized in a Letter

7 Agreement, dated April 14, 1997 ("Letter Agreement");[10] it applied only to "Title 200 Steam

8 Generation" employees.[11] The Letter Agreement was executed in Ad Hoc Negotiations pursuant

9 to §§400.1-400.4 of the CBA and, therefore, was incorporated into the CBA.[12] Previously, the

10 CBA granted qualified employees preferential re-employment rights for up to 30 months after a

11 layoff.[13] The Letter Agreement increased the re-employment rights for certain Title 200 Steam

12 Generation employees to 60 months:

13       Re-employment Provisions (206.13):

14            Modify 206.13(a) as follows:

15            Notwithstanding any other provision of this Agreement a regular
16            employee[14] who has been laid off for lack of work pursuant to the
             provisions of this Agreement for a period not in excess of sixty
17            months and who had one or more years of Service at the time of
             layoff.[15]
18

19

20

21   [7] Kumagai Dec., ¶¶2-3, Exhibit 1 (at p. 2) and Exhibit 2 (at p. 1).

     [8] Kumagai Dec., ¶¶2-3, Exhibit 1 (at p. 2) and Exhibit 2 (at p. 1).

22   [9] Kumagai Dec., ¶¶2-3, Exhibit 1 (at p. 2) and Exhibit 2 (at p. 1).

     10 From time to time, as part of the negotiated labor relationship, PG&E and the IBEW formed Ad Hoc Negotiating
23   Committees to agree upon and create letter agreements to resolve pending issues. Once executed by PG&E and the
     IBEW, these letter agreements become part of the CBA and are enforceable as part of that agreement. Kumagai
24   Dec., ¶4, Exhibit 3, Exhibit D (CBA, §§400.1-400.4).

     [11] Kumagai Dec., ¶4, Exhibit 3, Exhibit C (Letter Agreement, at p. 2).

25   [12] Kumagai Dec., ¶4, Exhibit 3, Exhibits C & D (Letter Agreement, at p. 2; CBA, §§400.1-400.4).

     [13] Kumagai Dec., ¶4, Exhibit 3, Exhibit D (CBA, §206.13, at p. 50).
26
     [14] The CBA provides: "[E]mployees shall be designated as probationary and regular, depending on the length of
27   their Service" and further provides that "[o]n the completion of the employee's first six months of Services . . . a
     probationary employee shall be given a status of a regular employee . . . " Kumagai Dec., ¶4, Exhibit 3, Exhibit D
28   (CBA, §106.5(a)(1) & (3)).
     [15] Kumagai Dec., ¶4, Exhibit 3, Exhibit C (Letter Agreement, at p. 3)(emphasis in original).       6

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    PG&E sold the Geysers' plants in 1999 and continued to operate the plant for another two

2    years under an Operations and Management Agreement ("O&M Agreement").[16]  Respondents

3    worked at the Geysers until the end of this two-year period in 2001.[17]

### 2.  Respondents Voluntarily Signed Valuable Severance Agreements When They Left PG&E

Respondents voluntarily resigned from PG&E and in July 2001, each entered into a

written Severance Agreement and Release ("the Severance Agreements").[18]  Among other things,

Knowles and Hicks each agreed to release PG&E from any claims, rights or privileges that he

may have had relating to his employment with PG&E in exchange for valuable consideration.[19]

Knowles received consideration including a cash payment of $58,183.24, and Hicks received

consideration including a cash payment of $67,520.59.[20]

Under the Severance Agreements, Knowles and Hicks each agreed to hold PG&E

harmless from actions, causes of action and claims relating to his employment with PG&E

including those arising under federal, state or local laws relating to employment discrimination

based on age, contract or tort.[21]

In Paragraph 12 of the Severance Agreements, Knowles and Hicks agreed to repay to

PG&E the valuable consideration received in exchange for the promises made by each of them in

the event of a material breach of the Severance Agreements.[22]

In Paragraph 15 of the Severance Agreements, Knowles and Hicks agreed that the

Severance Agreements fully superseded any and all prior agreements and understandings, and

that any future agreements had to be contained in a writing executed by an authorized PG&E

official.  In Paragraph 16, Knowles and Hicks agreed that they understood the terms of the

Severance Agreements, had been advised to seek legal counsel of their choosing, and that the

16 Kumagai Dec., ¶¶2-3, Exhibit 1 (at p. 2) and Exhibit 2 (at p. 1).
17 Kumagai Dec., ¶¶2-3, Exhibit 1 (at p. 3) and Exhibit 2, Exhibit 1 (Hollingshead Dec., ¶3).
18 Kumagai Dec., ¶4, Exhibit 3, Exhibits A and B (Severance Agreements).
19 Kumagai Dec., ¶4, Exhibit 3, Exhibits A and B (Severance Agreements, ¶2).
20 Kumagai Dec., ¶4, Exhibit 3, Exhibits A and B (Severance Agreements, ¶4).
21 Kumagai Dec., ¶4, Exhibit 3, Exhibits A and B (Severance Agreements, ¶4).
22 Kumagai Dec., ¶4, Exhibit 3, Exhibits A and B (Severance Agreements, ¶12).

PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO
VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY (Case No. CV 08 1211 TEH)

7

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  only agreements made are those contained in the Severance Agreements.[23]  Finally, Knowles and

2  Hicks were warned as follows: "PLEASE READ CAREFULLY.  THIS SEVERANCE

3  AGREEMENT AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND

4  UNKNOWN CLAIMS."[24]

5  In Paragraph 11 of the Severance Agreements, Knowles and Hicks agreed that "[a]ny

6  dispute regarding any aspect of this Severance Agreement and Release, including its validity,

7  interpretation, or any action which would constitute a violation of this Severance Agreement and

8  Release (hereinafter referred to as an 'arbitrable dispute') shall be resolved by an experienced

9  arbitrator . . . ."[25]

10  **B.    The Challenged Interim Arbitration Award**

11  On or about January 12, 2007, Respondents filed demands for arbitration with the

12  American Arbitration Association.[26]  The demands describe the dispute between each

13  Respondent and PG&E in identical language:

14  Dispute involves breach of a severance & release agreement between
   claimant and PG&E.  Claimant alleges that PG&E breached its contractual

15  obligations re:  promised employment benefits and preferential rights to

16  re-employment.[27]

17  On March 1, 2007, PG&E filed an objection to jurisdiction and arbitrability of claims, a

18  response to demand for arbitration and a counterclaim.[28]

19  On March 21, 2007, Respondents filed a response to PG&E's counterclaim in which

20  Respondents provided a more descriptive restatement of their claims.  The Arbitrator summarized

21  Respondents' counterclaim arguments as follows:

22  1. They were entitled to a 60 month preferential right to re-employment because:

23  a. They were covered by a certain agreement between PG&E and
   IBEW that contained these rights, and

24

25  [23] Kumagai Dec., ¶4, Exhibit 3, Exhibits A and B (Severance Agreements, ¶¶15-16).

26  [24] Kumagai Dec., ¶4, Exhibit 3, Exhibits A and B (Severance Agreements, at p. 5).

   [25] Kumagai Dec., ¶4, Exhibit 3, Exhibits A and B (Severance Agreements, ¶11).

27  [26] Kumagai Dec., ¶4, Exhibit 3, Exhibit E (Demands for Arbitration).

   [27] Kumagai Dec., ¶4, Exhibit 3, Exhibit E (Demands for Arbitration).

28  [28] Kumagai Dec., ¶2, Exhibit 1.                                                           8

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1

2

      b. PG&E personnel specifically promised them preferential re-employment rights, upon which they relied, before they entered into the Severance Agreement and Release.

3

4

2. PG&E breached the oral agreement upon which Claimants relied in entering the Severance Agreement and Release.

5

6

3. PG&E discriminated against Claimants based on their age, in violation of FEHA.

7

4. PG&E acted against Claimants with malice, oppression, and fraud.

8

5. PG&E's claims the matter is not arbitrable are made in bad faith.[29]

9

On or about June 8, 2007, PG&E filed a motion to dismiss the arbitration.[30] PG&E

10

argued (in pertinent part) that Respondents' claims were preempted by Section 301 of the

11

LMRA.[31]

12

Respondents opposed the motion.[32] Respondents argued that their breach of contract

13

claim was based on the fact they were classified as Base Personnel employees and that this

14

classification conferred upon them the entire benefits package given to Power Generation

15

employees which included preferential re-employment rights.[33] In support of their argument,

16

Respondents submitted a declaration by their prior supervisor Timothy Hollingshead who

17

declared as follows:

18

19

20

21

22

> There was a benefits package put together for power generation PG&E employees affected by divestiture. Initially this package was only offered to power generation department employees. However, eventually a modified version included fleet and materials employees. It is my position that all employees affected by the divestiture would receive a sixty month right to re-employment by PG&E. Everything in their agreements were the same, except for the fact that some power generation employees also received monetary compensation as an addition to their package. The sixty month right to re-employment was given to all affected employees.[34]

23

In support of his declaration, Hollingshead attached the pertinent Operation and Maintenance

24

Agreement which referenced and incorporated the CBA for purposes of defining the terms and

25

26

27

28

[29] Kumagai Dec., ¶15, Exhibit 13 (at pgs. 3-4).
[30] Kumagai Dec., ¶4, Exhibit 3.
[31] Kumagai Dec., ¶4, Exhibit 3.
[32] Kumagai Dec., ¶5, Exhibit 4.
[33] Kumagai Dec., ¶5, Exhibit 4.
[34] Kumagai Dec., ¶5, Exhibit 4, Exhibit 1 (Hollingshead Dec., ¶4).

9

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    conditions of union member employees working pursuant to the O&M Agreement.[35]

2    Arbitrator Brand held a hearing on the motion to dismiss on August 14, 2007.[36] At the

3    hearing, Arbitrator Brand requested that the parties provide supplemental briefing on the issue of

4    whether preemption under Section 301 of the LMRA applied to him as a private arbitrator. Both

5    parties provided supplemental briefing.[37]

### C. Despite This Court's Determination That Respondents' Oral Contract Claims Were Preempted By Section 301, The Arbitrator Ruled The Claims Can Proceed

8    On or about April 26, 2007, Knowles and Hicks initiated a civil action against PG&E in

9    this Court entitled *Thomas Knowles and Thomas Hicks v. Pacific Gas And Electric Company,*

10    *Deanna Radford, and Does 1-20*, Action No. C 07-2284, claiming breach of oral agreement,

11    breach of the covenant of good faith and fair dealing, and age discrimination ("the second[38] civil

12    action").[39] Knowles and Hicks sought damages for alleged denial of re-employment benefits in

13    the second civil action.[40] The claims asserted in Knowles and Hicks' second civil action are

14    identical to the claims asserted in the arbitration at issue here.

15    On or about July 30, 2007, PG&E filed a motion to dismiss the second civil action.[41] On

16    November 29, 2007, the Court granted PG&E's motion to dismiss because it determined that

17    Respondents' state law claims – including claims for breach of oral agreement and breach of the

18    implied covenant of good faith and fair dealing identical to those asserted in arbitration – were

19    preempted by Section 301 of the LMRA.[42] The Court accorded Respondents leave to amend to

20    allege viable claims under the LMRA, if possible.[43]

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

---

[35] Kumagai Dec., ¶5, Exhibit 4, Exhibit 1 (Hollingshead Dec., O&M Agreement at Exhibit A.).

[36] Kumagai Dec., ¶8.

[37] Kumagai Dec., ¶8.

[38] On or about August 23, 2006, Knowles and Hicks filed a civil lawsuit against PG&E in the Superior Court for the State of California raising the identical claims as those in the underlying arbitration ("the first civil action"). Kumagai Dec. at ¶16. PG&E removed the first civil action to this Court and, on or about October 30, 2006, Knowles and Hicks voluntarily dismissed the first civil action. *Id.*

[39] Kumagai Dec., ¶19, Exhibit 15.

[40] Kumagai Dec., ¶19, Exhibit 15.

[41] Kumagai Dec., ¶18.

[42] Kumagai Dec., ¶18, Exhibit 14.

[43] Kumagai Dec., ¶18, Exhibit 14.

10

1    The Court's ruling provides (in pertinent part with emphasis added):

2    Plaintiffs' positions were covered by the provisions of the CBA throughout their
3    employment. In order to address Plaintiffs' claims that they were entitled to a re-
     employment preference described in the CBA, the Court would have to interpret
4    provisions of the CBA and the Letter Agreement. Because Plaintiffs' state law
     cause of action for breach of contract requires the Court to interpret the CBA, it
5    must be dismissed as preempted under § 301 of the LMRA. **Plaintiffs' claims of**
6    **a separate oral agreement, at a time when they were covered by the CBA,**
     **require an interpretation of the terms of the CBA.** Accordingly, PG&E's
7    motion to dismiss Plaintiffs' first claim is granted, with leave to amend as a claim
     under the LMRA.

8

9    . . . .

10   Under California law, a claim for breach of an implied covenant is necessarily
     based on the existence of an underlying contractual relationship, and the essence
11   of the covenant is that neither party to the contract will do anything which would
     deprive the other of the benefits of the contract. [citation] **State law claims for**
12   **breach of the implied covenant of good faith and fair dealing are preempted**
     **by § 301 if the right asserted is rooted in the labor contract and can only be**
13   **determined by interpreting the rights and obligations established in the**
     **contract.** [citations] Plaintiffs' state law cause of action for breach of the
14   covenant of good faith and fair dealing is preempted by § 301 because it
     necessarily involves interpretation of the collective bargaining agreement.
15   Accordingly, PG&E's motion to dismiss Plaintiffs' third claim is granted, with
16   leave to amend to state as a claim under the LMRA.[44]

17   The Court explained, that "if a plaintiff's claims are founded are rights created by

18   a collective bargaining agreement or are 'substantially dependent on analysis of a

19   collective bargaining agreement' and can only be resolved by referring to the terms of a

20   collective bargaining agreement, they are preempted." *Caterpillar Inc. v. Williams,* 482

21   U.S. 386, 394 (1987).[45] "Thus, where an inconsistency exists between the collective

22   bargaining agreement and an independent contract, the collective bargaining agreement

23   necessarily controls and 'any independent agreement of employment [can] be effective

24   only as part of the collective bargaining agreement.' [cite omitted]"[46] The Court also

25   cited *Olguin v. Inspiration Consolidated Copper Co.,* 740 F.2d 1468, 1474 (9th Circuit

26

27   [44] Kumagai Dec., ¶18, Exhibit 14 (at pgs. 10-12).
     [45] Kumagai Dec., ¶18, Exhibit 14 (at p. 9).
28   [46] Kumagai Dec., ¶18, Exhibit 14 (at p. 9).

PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO
VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY (Case No. CV 08 1211 TEH)

11

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    1984) as "holding oral agreement made in connection with employee's reinstatement

2    should be treated as a collective bargaining agreement for preemption purposes because

3    the independent agreement could only be affected as part of larger CBA."[47] Further, the

4    Court cited *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997-998 (9th Cir. 1987)

5    for the proposition that an "alleged oral contract between employee and employer

6    regarding reinstatement was controlled by collective bargaining agreement because

7    employee held position covered by collective bargaining agreement."[48]

8        On November 16, 2007, PG&E sent Arbitrator Brand a letter informing him of the

9    Court's order granting PG&E's motion to dismiss based on Section 301 as to all of Respondents'

10   claims, including breach of oral agreement and breach of covenant of good faith and fair

11   dealing.[49] PG&E requested stay of the arbitration proceeding until final determination of the

12   civil action or acknowledgement that the Court's rulings were correct and applied to the claims

13   raised in the arbitration.[50] On November 20 and 27, 2007, Respondents sent letters in opposition

14   to PG&E's letter, but did not deny the Court ruled that their claims were preempted.[51] Instead,

15   they merely informed Arbitrator Brand that the Court granted them leave to amend the complaint

16   to allege claims under Section 301.[52]

17       On December 3, 2007, Arbitrator Brand issued an interim award, in writing, granting in

18   part and denying in part PG&E's motion to dismiss as follows:

19   1.    Claimants' assertion they are entitled to a sixty month preferential right to rehire

20   under the "Employee Severance and Displacement Plan" contained in the CBA is not arbitrable.

21   2.    Claimants' age discrimination claim is not arbitrable.

22   3.    Claimants' allegation of an oral agreement to provide them a sixty
23         month preferential right to rehire – as part of the Severance
          Agreement and Release, or to induce them to sign it – is arbitrable.
24

25
26   [47] Kumagai Dec., ¶18, Exhibit 14 (at p. 9).
     [48] Kumagai Dec., ¶18, Exhibit 14 (at pgs. 9-10).
27   [49] Kumagai Dec., ¶12, Exhibit 10.
     [50] Kumagai Dec., ¶12, Exhibit 10.
28   [51] Kumagai Dec., ¶¶13-14, Exhibits 11-12.
     [52] Kumagai Dec., ¶¶13-14, Exhibits 11-12.

12

PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO
VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY (Case No. CV 08 1211 TEH)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    4.    Claimants' assertion of violation of the covenant of good faith and
fair dealing is arbitrable.[53]

2    On or about December 5, 2007, Knowles and Hicks filed an Amended Complaint in the

3    second civil action.[54]   Interestingly, Knowles and Hicks added IBEW to the Amended Complaint

4    for violation of its duty to fairly represent them in denying them preferential re-hire rights.  On or

5    about December 26, 2007, PG&E filed a Motion to Dismiss the Amended Complaint.[55]  The

6    hearing on PG&E's motion to dismiss Plaintiffs' Amended Complaint is scheduled for March 6,

7    2008.[56]

8    PG&E respectfully requests that the Court vacate the Arbitrator's third and fourth

9    findings, namely that Respondents' breach of oral agreement and breach of implied covenant of

10    good faith and fair dealing claims were arbitrable and not preempted by Section 301 of the

11    LMRA.  PG&E further requests a stay of the arbitration proceedings pending final determination

12    of Respondents' civil action against PG&E.

13    **III.    DISCUSSION**

14    **A.    The Standard For Vacating An Arbitration Award**

15    The Federal Arbitration Act, 9 U.S.C. §§1 *et seq.*, provides that an arbitration award may

16    be vacated as follows:

17    (1) where the award was procured by corruption, fraud, or undue
means;

18

19    (2) where there was evident partiality or corruption in the
arbitrators, or either of them;

20

21    (3) where the arbitrators were guilty of misconduct in refusing
to postpone the hearing, upon sufficient cause shown, or in
refusing to hear evidence pertinent and material to the
22    controversy; or of any other misbehavior by which the rights of
any party have been prejudiced; or
23

24    (4) where the arbitrators exceeded their powers, or so
imperfectly executed them that a mutual, final, and definite
25    award upon the subject matter submitted was not made.  9 U.S.C.§10.

26

27    [53] Kumagai Dec., ¶15, Exhibit 13 (at p. 11).
[54] Kumagai Dec., ¶19, Exhibit 15.
28    [55] Kumagai Dec., ¶20.
[56] Kumagai Dec., ¶20.

PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO
VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY (Case No. CV 08 1211 TEH)

13

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    In addition, in the Ninth Circuit, an arbitration award may be vacated if the award is

2    "completely irrational" or constitutes a "manifest disregard of law." *Comedy Club, Inc. v. Improv*

3    *West Associates*, 502 F.3d 1100, 1110 (9th Cir. 2007); *Collins v. D.R. Horton*, 505 F.3d 874 (9th

4    Cir. 2007)   Manifest disregard involves "something beyond and different from a mere error in

5    law or failure on the part of the arbitrators to understand and apply the law." *Collins*, 505F.3d at

6    879.  To rise to the level of manifest disregard, "the governing law alleged to have been ignored

7    by the arbitrators must be well defined, explicit and clearly applicable." *Id.* at 879-880

8    (quotations omitted).

9    The Federal Arbitration Act provides that any motion to vacate an arbitration award must

10    be served "within three months after the award is filed or delivered." 9 U.S.C. §12.  The instant

11    motion is timely in that the challenged arbitration award was filed on December 3, 2007.

12    **B.    The Interim Award Must Be Vacated Because The Arbitrator Exceeded His**
       **Powers and Acted In Manifest Disregard of Law Because The Severance**
13    **Agreements Are Fully Integrated And Were The Parties' Final Expression Of**
       **Their Agreement**
14
       The Severance Agreements executed by each Respondent contain the following

15    integration clause: **"This Severance Agreement and Release sets forth the entire agreement**

16    **between the parties and fully supersedes any and all prior agreements or understandings**

17    **between the parties pertaining to the subject matter of this Severance Agreement and**

18    **Release"** ("integration clause").[57]

19
       In California, "[t]erms set forth in a writing intended by the parties as a final expression
20
       of their agreement with respect to such terms as are included therein may not be contradicted by
21
       evidence of any prior agreement or of a contemporaneous oral agreement." C.C.P. § 1856(a).
22
       The Parole Evidence Rule applies:
23
                  . . . if the following two inquiries are answered affirmatively:  "1) was the
24                 writing intended to be an integration, i.e., a complete and final expression
                   of the parties' agreement, precluding any evidence of collateral
25                 agreements; <u>and</u> 2) is the agreement susceptible of the meaning contended
                   for by the party offering the evidence?
26
       *Iconix, Inc. v. Tokuda*, 457 F. Supp.2d 969, 977 (N.D.Cal. 2006)(quoting *Wang v. Massey*
27

28    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
       [57] Kumagai Dec., ¶4, Exhibit 3, Exhibits A and B (Severance Agreements, ¶15).                14
       PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO
       VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY (Case No. CV 08 1211 TEH)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  *Chevrolet,* 97 Cal.App.4th 856, 873 (2002)(citation omitted). Here, the Severance Agreements

2  contain unambiguous integration clauses which "set[ ] forth the entire agreement between the

3  parties and fully supersede[ ] any and all prior agreements or understandings between the parties.

4  . . ."[58] In addition each Respondent acknowledged cautionary language contained in the

5  Severance Agreements: **"PLEASE READ CAREFULLY. THIS SEVERANCE**

6  **AGREEMENT AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND**

7  **UNKNOWN CLAIMS."[59]**

8  The Arbitrator exceeded his powers and acted in manifest disregard of law because the

9  integration clause supersedes any alleged oral agreement for 60-month preferential re-hire rights.

10  **C.    The Interim Award Must Be Vacated Because The Arbitrator Exceeded His**
   **Powers And Acted In Manifest Disregard Of Law Because No Writing Exists**
11  **Establishing An Agreement to Arbitrate Oral Contracts Between the Parties**

12  Under clearly-applicable California law, the parties petitioning for arbitration (here,

13  Respondents) have the burden of proving by a preponderance of the evidence the existence of a

14  valid, *written* agreement to arbitrate oral contract claims. Code of Civ. Proc. §1281.2; *Rosenthal*

15  *v. Great Western Fin. Securities Corp.*, 14 Cal. 4th 394, 413 (1996); *County of Contra Costa v.*

16  *Kaiser Foundation Health Plan, Inc.*, 47 Cal.App.4th 237, 245 (1996); *Marsch v. Williams*, 23

17  Cal.App.4th 250, 254-255 (1994); *Boys Club of San Fernando Valley v. Fidelity & Deposit Co.,*

18  6 Cal.App.4th 1266, 1271 (1992); *Blatt v. Farley*, 226 Cal.App.3d 621, 625 (1990).   *See also*

19  *First Options v. Kaplan*, 514 U.S. 938, 844 (1995) (holding that state law principles govern the

20  formation of contracts to determine whether a valid arbitration agreement exists). *See also*

21  *Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 972 (1997); *Rosenthal v. Great*

22  *Western Fin. Securities Corp.,* 14 Cal. 4th at p. 413; *Hotels Nevada v. L.A. Pacific Center, Inc.*,

23  144 Cal.App.4th 754, 761 (2006); *Crippen v. Central Valley RV Outlet*, 124 Cal.App.4th 1159,

24  1164 (2004).

25  Although there is a strong public policy in favor of arbitration, there is no public policy

26  favoring arbitration of disputes that the parties have not agreed to arbitrate. *Moncharsh v. Heily*

27

28  [58] Kumagai Dec., ¶4, Exhibit 3, Exhibits A and B (Severance Agreements, ¶ 14).
   [59] Kumagai Dec., ¶4, Exhibit 3, Exhibits A and B (Severance Agreements, ¶16).    15

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1 *& Blasé*, 3 Cal. 4th 1, 9 (1992); *Victoria v. Superior Court*, 40 Cal. 3d 734, 744 (1985); *Banner*

2 *Entertainment, Inc. v. Superior Court,* 62 Cal.App.4th 348, 356, 754, 761; *Boys Club of San*

3 *Fernando Valley v. Fidelity & Deposit Co.,* Cal.App.4th 1266, 1271 (1992); *Blatt v. Farley* 226

4 Cal.App.3d 621, 625 (1990). *See also Boucher v. Alliance Title Co.*, 127 Cal.App.4th 262, 267

5 (2005)(quotation omitted)("[A]rbitration is a matter of contract and a party cannot be required to

6 submit to arbitration any dispute which he has not agreed so to submit.").

7 No written agreement to arbitrate an oral contract claim exists in this case, nor did the

8 Arbitrator find the existence of an agreement to arbitrate an oral contract claim. In the Severance

9 Agreements, the parties agreed to arbitrate **"[a]ny dispute regarding any aspect of this**

10 **Severance Agreement and Release, including its validity, interpretation, or any action**

11 **which would constitute a violation of this Severance Agreement and Release."** The scope of

12 claims the parties agreed to arbitrate is clear and does not extend to claims for breach of an

13 alleged oral agreement. Other than the Severance Agreements, no other written agreement

14 between the parties exist and Respondents cannot rely upon an alleged oral agreement to force

15 arbitration of the breach of oral contract claims. Respondents have not – and cannot – meet the

16 required statutory showing to arbitrate. The Arbitrator exceeded his powers and acted in

17 manifest disregard of law in finding an arbitrable oral agreement, which clearly exceeds the scope

18 of the applicable arbitration clause.

19
20
**D.    The Arbitration Award Must Be Vacated Because The Arbitrator Exceeded His Powers And Acted In Manifest Disregard Of Law When He Found That Respondents' Claims Were Not Preempted By Section 301**

21 The Arbitrator acted in manifest disregard of the law in allowing claims for breach of an

22 alleged oral contract and breach of the implied covenant of good faith and fair dealing on the

23 grounds that the claims "do[ ] not assert any right allegedly created by" the CBA and "do[ ] not

24 require [the arbitrator] to interpret the CBA."[60]

25 The Arbitrator recognized that any claim requiring interpretation of the CBA is preempted

26 under Section 301 of the LMRA as demonstrated by his request for additional briefing on Section

27

28 ───────────────────
[60] Kumagai Dec., ¶15, Exhibit 13 (at pgs. 7 & 9).                                        16

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  301 preemption and his finding that Respondents "cannot arbitrate their rights under the CBA in

2  this arbitration."[61]  The Arbitrator disregarded Section 301, however, in concluding that "there

3  does not appear to be any basis for applying Section 301 to preemption to prevent arbitration of

4  this claim." [62]

5  ## 1.   The Law On Section 301 Preemption Is Well-Established

6  ### a)   General Principles

7  When the basis of an employee's claims against his employer is an alleged violation of a

8  collective bargaining agreement, that claim is cognizable only under Section 301,[63] and all state

9  remedies based on the claim are barred as preempted by federal law.  *Local 174, Teamsters v.*

10  *Lucas Flour Co.*, 369 U.S. 95, 103 (1962).  In the area of labor relations and collective

11  bargaining, preemption converts a state common-law complaint into one stating a federal claim.

12  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).  The United States Supreme Court has

13  held that:

14  [T]he preemptive force of Section 301 is so powerful as to displace entirely any
state cause of action for violation of contracts between an employer and labor
15  organization. Any such suit is purely a creature of federal law, notwithstanding
the fact that state law would provide a cause of action in the absence of Section
16  301. *Franchise Tax board of Cal. v. Construction Laborers Vacation Trust*, 463
U.S. 1, 23 (1983).
17
Section 301's preemptive force extends beyond contract claims to any state law claim the
18
resolution of which requires the interpretation of a collective bargaining agreement.  *Humble v.*
19
*Boeing*, 305 F.3d 1004, 1007 (9th Cir. 2002); *Lingle v. Norge Division of Magic Chef, Inc.*, 486
20
U.S. 399, 413 (1988); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 220 (1985).  As the
21
Supreme Court observed in *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987), "Section 301
22
governs claims founded directly on rights created by collective-bargaining agreements."
23

24

25

26  [61] Kumagai Dec., ¶15, Exhibit 13 (at p. 9).
[62] Kumagai Dec., ¶15, Exhibit 13 (at p. 9).

27  [63] Section 301 of the LMRA provides: "Suits for violation of contracts between an employer and a labor
organization representing employees in an industry affecting commerce . . . may be brought in any district court of
28  the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to
the citizenship of the parties." 29 U.S.C. § 185(a).                                    17

PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO
VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY (Case No. CV 08 1211 TEH)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

b)    **Respondents Were Unionized Employees Whose Positions Were Covered By The CBA**

Section 301 preemption applies even if a civil complaint does not make reference to specific sections of a collective bargaining agreement. Under the "artful pleading" doctrine, a plaintiff may not avoid Section 301 by avoiding reference to the agreement:

> [I]f an employee attempts to escape application of Section 301 by alleging only state violations – when in fact the claims implicate the [CBA] – the employee will be subject to the artful pleading doctrine which 'requires that the state law complaint be recharacterized as one arising under the collective bargaining agreement. The case may then be adjudicated under the appropriate federal law.' [citation omitted]. In this way, an employee subject to a [CBA] will not be able to avoid the application of federal laws by filing only state claims. *Laws v. Calmat*, 852 F.2d 430, 432 (9th Cir. 1988) overruled on other grounds, *Cramer v. Consol. Freightways*, 255 F.3d 683, 691-692 (9th Cir. 2001); *see also, Olguin v. Sipiration Conol. Copper Co.*, 740 F.2d 1468 (9th Cir. 1984).

Section 301 also prevents "artful" attempts to avoid preemption by making reference to other contracts.[64] Confirming the ruling in *Laws, supra*, the Ninth Circuit in *Young v. Anthony's Fish and Grotto's, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) looked beyond the complaint to determine whether the claim was really for breach of a labor agreement.

In *Young*, the plaintiffs' complaint alleged breach of an oral contract, but did not disclose the existence of a collective bargaining agreement. The Ninth Circuit ruled that because the subject matter of the complaint was a job position covered by the bargaining agreement, the oral agreement alleged could only be effective as part of the bargaining agreement. Therefore, "the collective bargaining agreement controls and the claim is preempted." *Young*, 830 F.2d at 997. Similarly, in *Beals v. Kiewit Pacific Company, Inc.*, 114 F.3d 892, 894 (9th Cir. 1997), the court confirmed that an alleged independent employment agreement concerning a position covered by a collective bargaining agreement can only be effective as part of that collective bargaining agreement.

Indeed, California law is well-settled that Section 301 preempts claims for breach of contract and breach of the implied covenant of good faith and fair dealing that involve rights created under or that necessitate interpretation of a CBA. *See, e.g., Aguilera v. Pirelli Armstrong*

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

---

[64] *See* Kumagai Dec., ¶3, Exhibit 2 (at pgs. 1-2).

18

1  *Tire Corp.*, 223 F.3d 1010, 1016 (9th Cir. 2000)(finding breach of contract claims preempted by

2  Section 301 because contract claims "cannot be resolved without interpreting . . .. the CBA");

3  *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1285-86 (9th Cir. 1989)(finding breach of

4  contract and breach of implied covenant of good faith and fair dealing claims preempted by

5  Section 301 because contract claims "concern[ed] a job position governed by the [CBA]");

6  *Galvan v. Hyatt Regency San Francisco Airport*, 1998 WL 865280, *2 (N.D. Cal. Dec. 7,

7  1998)(finding breach of implied contract and breach of the implied covenant of good faith and

8  fair dealing claims preempted by Section 301 because plaintiff's employment "was governed by

9  the CBA and any agreement concerning her employment could be effective only if it is

10  interpreted as part of the CBA"); *Todd v. Safeway, Inc.*, 1998 WL 556577, *3 (N.D. Cal. Aug.

11  28, 1998)(finding breach of implied contract and breach of implied covenant of good faith and

12  fair dealing claims preempted by Section 301 because claims "seek remedies for breach of [ ]

13  CBA"); *Hollinquest v. St. Francis Medical Center*, 872 F. Supp. 723,727 (C.D. Cal. Aug. 26,

14  1994)(finding breach of oral contract and breach of implied covenant of good faith and fair

15  dealing claims preempted by Section 301 because plaintiff's employment "was governed by the

16  CBA and any agreement concerning her employment could be effective only if it is interpreted as

17  part of the CBA"); *Levy v. Skywalker Sound*, 108 Cal.App.4th 753, 765-6 (2003)(finding breach

18  of contract and breach of implied covenant of good faith and fair dealing preempted by Section

19  301 because claims "inherently rely on labor-management agreements"). *See also Mascitelli v.

20  Fleming Foods, Inc.*, 1997 WL 797820 (N.D. Cal. Dec. 10, 1997)( "it is well settled that

21  plaintiff's contract claims are preempted by Section 301 of the LMRA and supplanted with a

22  federal claim for breach of the CBA under section 301").

23  **2.    Respondents' Breach Of Oral Contract Claim Requires
           Interpretation Of The Collective Bargaining Agreement**

24

25  Respondents' breach of oral contract claim is based on a purported 60-month preferential

26  re-employment right. This was a right created by the CBA, it is a right contained only in the

27  CBA, and Respondents' positions were covered by the CBA. *See, e.g.*, Arbitrator's decision

28  discussing Respondents' contention that they were entitled to re-employment rights because

19

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    "They were covered by a certain agreement between PG&E and IBEW that contained these rights

2    . . . .").[65]

3        This Court recognized that Respondents' allegations included a separate oral agreement.

4    The Court explained its understanding as follows:

5        However, they argue that a separate oral agreement between them and
     PG&E governed their right to a sixty month preferential re-employment
6        benefit. Characterizing their claims as premised on breach of an oral
     agreement independent of the CBA, Plaintiffs argue that § 301 of the
7        LMRA does not preempt them.[66]

8        The Court extensively cited case law including *Caterpillar, Inc. v. William,* 482 U.S. 386,

9    394 (1987); *Stallcop v. Kaiser Foundation Hospital*, 820 F.2d 1044, 1048 (9th Circuit 1987);

10   *Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468, 1474 (9th Cir. 1984) in finding

11   that "Plaintiffs' positions were covered by the provisions of the CBA throughout their

12   employment."[67] The Court concluded that "Plaintiffs' claims of a separate oral agreement, at a

13   time when they were covered by the CBA, require an interpretation of the terms of the CBA."[68]

14   As the Court noted in citing *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir.

15   1987), the plaintiff's "claim for breach of contract based on an oral promise . . . was preempted

16   by § 301 because the plaintiff's position was covered by a collective bargaining agreement."[69]

17   Accordingly, the Court found that Knowles and Hicks' claims were preempted under Section 301

18   of the LMRA.[70]

19       Section 301 preemption law is well-defined, explicit and clearly applicable as

20   demonstrated by this Court's prior ruling that Respondents' breach of oral contract claims were

21   preempted. As the Arbitrator acted in manifest disregard of clearly-established law interpreting

22   Section 301 of the LMRA, the award must be vacated. Indeed, clear evidence of the Arbitrator's

23   disregard for the governing law appears at page 10 of the award, wherein he cites *Caterpillar, Inc*

24   *v. Williams*, 482 U.S. 386, 396 (1987) for the following proposition:

25

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

26   [65] Kumagai Dec., ¶15, Exhibit 13 (at pgs. 3-4).
     [66] Kumagai Dec., ¶18, Exhibit 14 (at p. 8).
27   [67] Kumagai Dec., ¶18, Exhibit 14 (at pgs. 10-11).
     [68] Kumagai Dec., ¶18, Exhibit 14 (at p. 11).
28   [69] Kumagai Dec., ¶18, Exhibit 14 (at p. 10).
     [70] Kumagai Dec., ¶18, Exhibit 14 (at pgs. 10-11).                                    20

1

2        [a] plaintiff covered by a collective-bargaining agreement is
    permitted to assert legal rights independent of that agreement,

3        including state-law contract rights, so long as the contract relied
    upon is not a collective-bargaining agreement.

4    *Williams* does not support the proposition that unionized employees can have employment

5    agreements that are different from rights provided in collective bargaining agreements. In fact,

6    the entirety of the quote from the *Williams* case reads as follows:

7        ***Thus, individual employment contracts are not inevitably***
***superseded by any subsequent collective agreement covering an***

8    ***individual employee, and claims based upon them may arise***
***under state law. Caterpillar's basic error is its failure to***

9    ***recognize that*** a plaintiff covered by a collective-bargaining

10   agreement is permitted to assert legal rights independent of that
agreement, including state-law contract rights, so long as the

11   contract relied upon is not a collective-bargaining agreement.

12   *Id.* (emphasis added).

13       In *Williams*, plaintiffs' contract claims were based upon "contractual agreements made

14   while they were in managerial or weekly salaried positions – agreements in which the collective

15   bargaining agreement played no part." *Williams,* 482 U.S. at 395, n 9. The plaintiffs in *Williams*

16   were not members of a bargaining unit when they executed other agreements. They were not in

17   the bargaining unit at the time the alleged contracts were made. *Id.* After the alleged contracts

18   were made, the plaintiffs in *Williams* were downgraded to unionized positions. *Williams,* 482

19   U.S. at 389. The *Williams* court recognized that plaintiffs' claims were not "founded directly on

20   rights created by collective bargaining agreements," and were not substantially dependent on

21   analysis of a collective bargaining agreement. *Williams,* 482 U.S. at 394 (citing *Electrical*

22   *Workers v. Hechler,* 481 U.S. 859 (1987) , n.3).

23       Here, both Respondents were in the bargaining unit and their positions were covered by

24   the subject CBA at the time the alleged oral contracts were entered into. Respondents' claims are

25   founded on the CBA as demonstrated by their claim that "[t]hey were entitled to a 60 month

26   preferential right to re-employment because: (a) They were covered by a certain agreement

27

28

21

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  between PG&E and IBEW that contained these rights . . . ."[71] Therefore, *Williams*, the case

2  relied upon by the Arbitrator in support of his ruling that the claims for breach of oral contract

3  may proceed in arbitration, supports Petitioner's position that the claims are preempted by

4  Section 301.[72]

5    **3.    Respondents' Breach Of The Covenant Of Good Faith Claim Is**
       **Preempted Because Resolution Of The Claim Requires Interpretation**
6       **Of The Collective Bargaining Agreement**

7       The breach of covenant claim is equivalent to a claim for breach of an obligation arising

8  out of the contract. *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 690, 696, 700 (1988).

9  Assessing a claim of a contractual obligation of good faith inevitably involves interpretation of

10  the collective bargaining agreement, and it is preempted to the same extent as a breach of contract

11  claim. *Allis-Chalmers*, 471 U.S. at 218-19; *Audette v. ILWU*, 195 F.3d 1007, 1112 (9th Cir.

12  1999). Allowing Respondents to recast contract claims as implied covenant tort claims would

13  allow them to evade Section 301. *Young*, 830 F.2d at 1001. *See, e.g., Allis-Chalmers*, 471 U.S.

14  at 218 (because a breach of the covenant of good faith and fair dealing claim not only derives

15  from the contract, but is defined by the contractual obligation of good faith, any attempt to assess

16  liability inevitably will involve contract interpretation). *See also Chmiel v. Beverly Wilshire*

17  *Hotel Co.*, 873 F.2d at 1285-86 (finding breach of implied covenant of good faith and fair dealing

18  claims preempted by Section 301); *Galvan v. Hyatt Regency*, 1998 WL 865280 at *2 (same);

19  *Todd v. Safeway, Inc.*, 1998 WL 556577 at *3 (same); *Levy v. Skywalker Sound*, 108 Cal.App.4th

20  at 765-6 (same).

21       Respondents allege that PG&E acted "in bad faith with the intent to frustrate [their]

22  enjoyment of their contractual rights" in breach of the covenant of good faith and fair dealing.

23       This Court found that state law claims for breach of the implied covenant of good faith

24  and faith dealing are preempted by Section 301 if the right asserted is rooted in the labor contract

25  and can only be determined by interpreting the rights and obligations established in the contract.

26  *Harris v. Alumax Mill Products, Inc.*, 897 F.2d 400, 403 (9th Circuit 1990); *Allis-Chalmers*, 471

27

28  [71] Kumagai Dec., ¶15, Exhibit 13 (at pgs. 3-4).

22

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  U.S at 218-219.[73]  This Court found that Knowles and Hicks' state law cause of action for breach

2  of the covenant of good faith and fair dealing is preempted by Section 301 because it "necessarily

3  involves interpretation of the collective bargaining agreement."[74]

4  As the Arbitrator acted in manifest disregard of clearly-established law interpreting

5  Section 301 of the LMRA, the award must be vacated.

### 4. The Arbitrator's Decision Thwarts The Policy Rationale Underlying Section 301

8  Petitioner finally notes that the Arbitrator's determination that Section 301 preemption

9  does not apply in the context of private arbitration completely thwarts the policy reasons

10  Congress enacted the LMRA in the first place. The Arbitrator concluded that there was no basis

11  for applying Section 301 preemption because:

> Section 301 preemption preserves the exclusivity of federal law over state law for interpreting CBAs. Respondent cites no case applying Section 301 preemption to a private arbitration agreement between an employer and a former employee. My own research found none. Thus, there does not appear to be any basis for applying Section 301 preemption to prevent arbitration of this claim. (Decision at Page 9)

15  Indeed, Congress intended to create a uniform body of federal law to govern labor

16  disputes relating to CBAs and, to that end, it created a comprehensive scheme for adjudicating

17  these disputes. As noted in *United Steelworkers of America v. Warrior & Gulf Navigation. Co.*,

18  363 U.S. 574, 578 (1960)(citations omitted), "[t]he present federal policy is to promote industrial

19  stabilization through the collective bargaining agreement. " Similarly, in *IBEW v. Hechler*, 481

20  U.S. 851, 856 (1987)(quotation omitted), the Court noted that Section 301 is a "congressional

21  mandate to the federal courts to fashion a body of federal common law to be used to address

22  disputes arising out of labor contracts" and that the "substantive principles of federal labor law

23  must be paramount in the area covered by the statute." Moreover, the "interests in interpretive

24  uniformity and predictability that require that labor-contract disputes be resolved by reference to

25  federal law also require that the meaning given a contract phrase or term be subject to uniform

26  federal interpretation." *IBEW v. Hechler*, 481 U.S. at 857 (quotation omitted). Title 102 of the

---

[73] Kumagai Dec., ¶18, Exhibit 14 (at pgs. 11-12).
[74] Kumagai Dec., ¶18, Exhibit 14 (at p. 12).

PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY (Case No. CV 08 1211 TEH)

23

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  CBA between PG&E & the IBEW evinces the parties' intent to have disputes resolved pursuant

2  to the governing federal law:

> It is the intent of both Company and Union that the processing of disputes
> through the grievance procedure will give meaning and content to the
> Collective Bargaining Agreement. [¶] The parties are in agreement with
> the policy expressed in the body of our nation's labor laws that the mutual
> resolution of disputes through a collectively bargained grievance procedure
> is the hallmark of competent industrial self-government.[75]

7  *See also Young v. Anthony's Fish Grottos*, 830 F.2d at 1001 ("section 301 preempts any

8  individual labor contract inconsistent with a collective bargaining agreement in order to assure

9  uniform federal interpretation of the collective agreement"); *Associated Builders & Contractors*

10  *v. Intern. Of Elec. Workers, v. Local 302*, 109 F.3d 1353, 1356 (9th Cir. 1979) ("[T]he policy in

11  favor of national uniformity in labor law is so powerful that it displaces state law with respect to

12  claims involving the interpretation or enforcement of collective bargaining agreements.") Given

13  the primacy of the federal scheme for handling labor disputes, it does not stand to reason that

14  Congress would intend for a private arbitrator – but not a state court or federal court – to

15  adjudicate a labor-related dispute. If Section 301 bars a federal and/or state court from hearing

16  contract claims, then Section 301 similarly prohibits an arbitrator hearing similar claims.

17  **E.  A Stay Of The Arbitration Is Warranted Because Respondents Filed
       Identical Claims In Both Federal Court And Arbitration, Splitting
18     Claims, Which Is Barred**

19

20  Respondents' attempt to pursue their claims in two forums violates the primary right theory.

21  Primary right is a "theory of code pleading that has long been followed in California." *Crowley*

22  *v. Katleman*, 8 Cal. 4th 666, 681 (1994). It provides that a cause of action is comprised of a

23  plaintiff's primary right, a defendant's corresponding primary duty and a defendant's wrongful

24  act. *Id.* The "most salient characteristic of a primary right is that it is indivisible: the violation

25  of single primary right gives rise to but a single cause of action." *Id.* Respondents' attempt to

26  pursue identical claims in arbitration and in litigation violates the primary right doctrine. As the

27

---

28  [75] Kumagai Dec., ¶4, Exhibit 3, Exhibit D (CBA, §102.1).

24

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  Supreme Court explained in *Crowley*, "The primary right theory has a fairly narrow field of

2  application. It is invoked most often when a plaintiff attempts to divide a primary right and

3  enforce it in two suits. The theory prevents this result . . . ." *Id.* at 682. The rationale for the

4  primary right theory has been explained as follows:

5      The rule against splitting a cause of action is based upon two reasons: (a) That the
       defendant should be protected against vexatious litigation; and (b) that it is against
6      public policy to permit litigants to consume the time of the courts by relitigating
       matters already judicially determined, or by asserting claims which properly
7      should have been settled in some prior action. 4 Witkin, California Procedure §35
       at p. 95 (*citing Wulfjen v. Dolton*, 24 Cal.2d 891, 894 (1944)).
8

9  The Arbitrator has set discovery deadlines and a three-day arbitration in this matter and a

10  second motion to dismiss filed by Defendant is pending in this Court. Petitioner respectfully

11  requests a stay of the arbitration proceedings pending resolution of the civil action to avoid the

12  possibility of inconsistent judgments and to avoid unnecessary litigation costs.

13                                **IV.    CONCLUSION**

14  PG&E respectfully requests that the Court vacate the interim award to the extent the

15  Arbitrator denied PG&E's Motion to Dismiss for the reason, and issue a stay of arbitration

16  proceedings. A second motion to dismiss is pending in this Court.

17

18  Dated: February 29, 2008                  LAFAYETTE & KUMAGAI LLP

19

20

21                                            SUSAN T. KUMAGAI
                                              Attorneys for Petitioner
22                                            PACIFIC GAS AND ELECTRIC COMPANY

23  N:\Documents\PGE\Know\Pldg\Motion to Vacate.final.doc

24

25

26

27

28
                                                                                            25

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

**PROOF OF SERVICE**

I declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Spear Street, Suite 600, San Francisco, California, 94105.

On February 29, 2008, I served the document named below on the parties in this action as follows:

**PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO VACATE ARBITRATOR'S INTERIM AWARD**

X   (BY MAIL) I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

_____ (BY PERSONAL SERVICE) I caused to be personally served each document listed above on the addressee (s) noted below.

_____ (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

_____ (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee noted below.

Daniel B. Beck, Esq.
Mahsa Gholami, Esq.
Beck Law, P.C.
2681 Cleveland Avenue
Santa Rosa, California 95403

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on   February 29, 2008   , at San Francisco, California.

Linda L. Rich

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

26

PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION AND MOTION TO VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY (Case No. CV 08 1211 TEH)