Daniel B. Beck, Esq. (SBN: 63865)
Mahsa Gholami, Esq. (SBN: 235634)
BECK LAW, P.C.
2681 Cleveland Avenue
Santa Rosa, CA 95403
Telephone:   (707) 576-7175
Facsimile:   (707) 576-1878

Attorneys for Plaintiffs,
Thomas Knowles and Thomas Hicks

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KNOWLES and THOMAS HICKS, <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC GAS & ELECTRIC COMPANY, DEANNA RADFORD, and DOES 1-20. <br><br> Defendants. | Case No.: CV-08-1211-TEH <br><br> **DECLARATION OF MAHSA GHOLAMI IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT PACIFIC GAS AND ELECTRIC'S MOTION TO VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY ARBITRATION** <br><br> Date: April 7, 2008 <br> Time: 10:00 a.m. <br> Dept.: 12, 19th Floor <br> Judge: Hon. Thelton E. Henderson |

I, MAHSA GHOLAMI, declare as follows:

1. I am an associate with BECK LAW, P.C., and an attorney of record for the plaintiffs in the above-entitled matter.

2. I am competent to testify as to the matters set forth herein. If called as a witness, I could and would testify as to the matters set forth below. I have knowledge of all the matters set forth below based no first-hand personal knowledge except for the matters alleged on information and belief, and so to those matters, I believe them to be true. I make this declaration in support of

*Knowles & Hicks v. PG & E, et al.*      1
United States District Court Case No.: CV-08-1211-TEH
Declaration of Mahsa Gholami in Support of Plaintiffs'
Opposition to Defendant's Motion to Vacate Arbitrator's
Interim Award and to Stay Arbitration

Plaintiffs' Opposition to Defendant's Motion to Vacate Arbitrator's Interim Award and to Stay Arbitration.

3. Plaintiffs initially filed their complaint in superior court. Their causes of action included breach of oral agreement. Defendant PG & E reviewed the entirety of Plaintiffs' complaint, and after doing so, expressly declared that Plaintiffs were bound by an arbitration clause and that Plaintiffs would need to arbitrate this dispute. Defendant PG & E's counsel even sent my office another copy of the Severance Agreements for further corroboration of their contention that the dispute must be arbitrated. Numerous letters, attached to Plaintiffs' instant opposition, were also forwarded to Plaintiffs, reconfirming Defendant PG & E's unequivocal affirmation that the dispute was bound by an arbitration clause contained in Plaintiffs' Severance Agreements. Plaintiffs dismissed their action without prejudice and pursued arbitration.

4. After an arbitrator was chosen by both parties, Defendant PG & E changed their tune and filed a Motion to Dismiss, demanding that the dispute was preempted and could only be heard in the Federal Court. Defendant PG & E suddenly insisted that the dispute had nothing to do with the parties' Severance Agreements, but had everything to do with the Collective Bargaining Agreement.

5. Defendant PG & E keeps changing their arguments. They will argue anything if they can get rid of this action and run away from following through with their promises. We have interviewed numerous witnesses, all of whom recall the oral agreement and support Plaintiffs' contentions. Defendant PG & E does not want Plaintiffs to have their day in court, and wants to do everything possible to prevent their obligation to follow through on their agreement.

*Knowles & Hicks v. PG & E, et al.*  
United States District Court Case No.: CV-08-1211-TEH  
Declaration of Mahsa Gholami in Support of Plaintiffs'  
Opposition to Defendant's Motion to Vacate Arbitrator's  
Interim Award and to Stay Arbitration

2

6. Defendant PG & E insisted on arbitration and insisted that the parties' dispute was bound by an arbitration clause contained in Severance Agreements. Defendant PG & E read the complaint and had an opportunity to review the contents of the complaint before making such unequivocal and definite contention.

7. Plaintiffs have already been through 3 Motions to Dismiss, 2 in the federal court and one in arbitration. Because Plaintiffs were successful in arbitration, Defendant PG & E thinks that the arbitrator must have "manifestly disregarded the law." Had the arbitrator agreed with them, they would have believed that the arbitrator was 100% correct. The arbitrator did not spontaneously decide that some of Plaintiffs' causes of action were arbitrable. Instead, Judge Norman Brand reviewed extensive law and motion from both parties, reviewed extensive case law and statutes submitted by both parties. He also held an oral hearing that that took several hours; during such oral arguments, he asked both sides numerous questions and challenged their arguments. Even after all of that, Judge Brand requested further supplemental arguments regarding the 301 preemption issue. After an extremely thorough and well thought out examination of the arguments, Judge Brand reached an interim award. Just because Defendant PG & E does not like the award does not make the award a "manifest disregard of the law." Arbitrator Brand reasonably and properly reached his ruling and his award should not be vacated.

8. Furthermore, the arbitration should not be stayed. We are currently awaiting the Federal Court's ruling on Defendants' second Motion to Dismiss. The parties have already submitted their moving papers and had oral arguments on the issue. The only reason that the parties are in two forums is because Defendant PG & E keeps changing their story—one day they insist that

*Knowles & Hicks v. PG & E, et al.*           3
United States District Court Case No.: CV-08-1211-TEH
Declaration of Mahsa Gholami in Support of Plaintiffs'
Opposition to Defendant's Motion to Vacate Arbitrator's
Interim Award and to Stay Arbitration

1 arbitration is the exclusive remedy, and as soon as the parties begin arbitration, they claim that
2 the Federal Court has exclusive jurisdiction. Defendant PG & E should not be permitted to
3 benefit from their bad faith and contradictory behavior. Plaintiffs respectfully ask that the Court
4 not stay the arbitration and allow the parties to continue the arbitration as both parties agreed
5 upon and the arbitration clause permits.

6

7 I declare under penalty of perjury under the laws of the State of California that the foregoing is
8 true and correct, and that this declaration was executed on March 14, 2008 at Santa Rosa,
9 California.

Mahsa Gholami, Esq.
BECK LAW, P.C.
Attorney for Plaintiffs

*Knowles & Hicks v. PG & E, et al.*      4
United States District Court Case No.: CV-08-1211-TEH
Declaration of Mahsa Gholami in Support of Plaintiffs'
Opposition to Defendant's Motion to Vacate Arbitrator's
Interim Award and to Stay Arbitration

# PROOF OF SERVICE

| CASE NAME | Thomas Knowles and Thomas Hicks v. Pacific Gas and Electric Company, Deanna Radford, and Does 1 - 20 |
|---|---|
| CASE NO. | CV-08-1211-TEH |
| DOCUMENT NAME | Proof of Service to Declaration of Mahsa Gholami in Support of Plaintiffs' Opposition to Defendant PG&E's Motion to Vacate Arbitrator's Interim Award and to Stay Arbitration |

I declare as follows: I am over the age of 18 years and not a party to the above-entitled action or proceeding; that my business name and address is: BECK LAW, P.C., 2681 Cleveland Ave., Santa Rosa, CA 95403.

On March 17, 2008, I caused to be served said document on the following parties involved as follows:

| | |
|---|---|
| Darren P. Roach, Esq.<br>Pacific Gas and Electric Company<br>Post Office Box 7442 B30A<br>San Francisco, CA 94120<br>(415) 973-5531, fax | |
| Lafayette & Kumagai, LLP<br>Susan T. Kumagai<br>100 Spear Street, Suite 600<br>San Francisco, CA 94105<br>(415) 357-4605 Fax | |

☒     VIA FACSIMILE TRANSMISSION (CCP §1013)

☒     BY MAIL: I caused each such envelope above, with postage thereon fully prepaid, to be placed in the United States mail at Santa Rosa, California. (CCP §1013(a)(1)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 14, 2008, in Santa Rosa, CA.

*Kimala Krchnavi*

**Kimala Krchnavi**

1