LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
GLEN TURNER (State Bar No. 212417)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605
skumagai@lkclaw.com
gturner@lkclaw.com

STEPHEN L. SCHIRLE (State Bar No. 96085)
MARK H. PENSKAR (State Bar No. 77725)
DARREN P. ROACH (State Bar No. 159998)
77 Beale Street, B30A
P.O. Box 7442
San Francisco, California 94105
Telephone: (415) 973-6345
Facsimile:  (415) 973-5520
dprc@pge.com

Attorneys for Petitioner
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the Arbitration between | Case No. CV 08 1211 CW |
| PACIFIC GAS AND ELECTRIC COMPANY, | **PACIFIC GAS AND ELECTRIC COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY ARBITRATION** |
| Petitioner, | |
| And | |
| THOMAS KNOWLES and THOMAS HICKS, | Judge:    Hon. Claudia Wilken |
| Respondents. | |

PACIFIC GAS AND ELECTRIC COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY ARBITRATION
(Case No. CV 08 1211 CW)

## I. INTRODUCTION

Respondents Thomas Knowles and Thomas Hicks ("Respondents") cannot prove the ultimate issue: that there is a valid written agreement to arbitrate the claim for an oral contract. The law of California is settled that a party cannot be compelled to arbitrate a claim it did not agree to arbitrate. "There is no public policy favoring arbitration of disputes which the parties have not agreed to arbitrate (citation.)" *Metters v. Ralphs Grocery Company*, 2008 WL 542838, *3 (April 1, 2008). Respondents oppose Petitioner Pacific Gas & Electric Company's ("Petitioner" or "PG&E") Motion to Vacate the Arbitrator's Interim Award by restating prior arguments which the Court rejected when it decided that Respondents' claims were preempted by section 301 of the Labor Management Relations Act. Moreover, Respondents assert that the Arbitrator properly found that the alleged oral agreement for preferential rehire rights is not preempted by section 301, contrary to the Court's prior ruling. Respondents further assert that the Arbitrator is not bound by section 301 preemption and is entitled to decide issues that state and federal courts are prohibited from deciding.

Respondents' arguments fail as a matter of law. The Arbitrator acted in manifest disregard of the settled and established laws relating to integration clauses, arbitrability and preemption under section 301.

Petitioner's Motion to Vacate the Interim Arbitration Award should be granted.

## II. DISCUSSION

### A. No Dispute Exists That Parties Did Not Agree to Arbitrate Claim for Breach of Oral Contract

The only written agreement to arbitrate at issue between the parties is in the Severance Agreements wherein the parties contracted to arbitrate: "[a]ny dispute regarding any aspect of this Severance Agreement and Release, including its validity, interpretation, or any action which would constitute a violation of this Severance Agreement and Release (hereinafter referred to as

---

PACIFIC GAS AND ELECTRIC COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY ARBITRATION
(Case No. CV 08 1211 CW)

1

an 'arbitrable dispute') . . . ."[1] This clause does not include the oral agreement allegedly entered into prior to execution of the Severance Agreements.

Although Respondents' assertion that PG&E "initially proposed arbitration" (Opp. at 10:1) is irrelevant to whether a writing exists to support arbitration of the alleged oral contract, Petitioner never indicated it would waive any defenses to a claim filed in arbitration. Because Respondents filed a claim beyond the scope of the arbitration agreement, PG&E was entitled to move for dismissal of the oral contract claim. In addition, on April 26, 2007, Respondents were aware of the issues involved and PG&E's grounds for objections to their claims, yet they filed their second civil action with this Court while the arbitration was pending.

Respondents are the ones who voluntarily filed in two separate forums, seeking the same relief. PG&E is not "suddenly" refuting the arbitration clause. It never agreed to arbitrate the alleged oral agreement and nothing in the evidence offered by Respondents supports such an argument.

No written agreement to arbitrate the alleged oral agreement exists between the parties. Therefore, the contrary finding by the Arbitrator was in manifest disregard of the law. The arbitration award should be vacated.

**B.  The Severance Agreements Are Fully Integrated.**

  **1.  Integration Is A Legal Issue To Be Decided By The Judge.**

The subject Severance Agreements contain express, clear and unambiguous integration clauses which extinguish any alleged previous or contemporary oral contracts: **"This Severance Agreement and Release sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter of this Severance Agreement and Release."**[2] Moreover, the Severance

---

[1] Kumagai Dec., ¶4, Exhibit 3, Exhibits A and B (Severance Agreements, ¶11).
[2] Kumagai Dec., ¶4, Exhibit 3, Exhibits A and B (Severance Agreements, ¶15)(emphasis added).

PACIFIC GAS AND ELECTRIC COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY ARBITRATION
(Case No. CV 08 1211 CW)

2

1  Agreements specifically state that **"the only promises made [to Respondents] to sign are those
2  stated herein."** [3]

3  Whether the agreement in the instant case is an integration, i.e., intended by the parties as
4  a final, complete and exclusive statement of their agreement, is a question of law to be
5  determined by the court. *Hayter Trucking, Inc. v. Shell Western E&P, Inc.*, 18 Cal.App.4th 1, 14
6  (1993). Whether a contract is integrated is a question of law when the evidence of integration is
7  not in dispute. *EPA Real Estate Partnership v. Kang* (1992) 12 Cal.App.4th 171, 176; *Esbensen
8  v. Userware Internat., Inc.* (1992) 11 Cal.App.4th 631, 637, fn. 3; *Founding Members of the
9  Newport Beach Country Club v. Newport Beach County Club, Inc.* (2003) 109 Cal.App.4th 944,
10 954.

11 Here, the subject agreements contained an express integration clause. There is no dispute
12 as to the meaning of the terms contained therein and that the only promises made are contained in
13 the Severance Agreements. Respondents merely ignore the law and assert that the integration
14 clause does not include the alleged prior oral agreement.

15 Respondents rely on *Morey v. Vannucci*, 64 Cal. App. 4th 904 (1998), for the assertion
16 that a jury must determine whether the Severance Agreements were integrated. However, *Morey*
17 does not stand for this proposition. In fact, the *Morey* Court recognized that the "primary
18 responsibility for interpretation of contractual language lies with the trial court judge, *unless* the
19 language is ambiguous or uncertain and its interpretation turns on an issue of credibility of
20 extrinsic evidence." *Id.* at 911 (quotations omitted).

21 No dispute over language exists here to require a jury to determine whether an integration
22 clause exists. The dispute is not about the meaning of a term in the Severance Agreements;
23 rather, Respondents argue the arbitration clause contained in the Severance Agreements should
24 include, within its scope, the alleged oral agreement.

---

[3] Kumagai Dec., ¶4, Exhibit 3, Exhibits A and B (Severance Agreements, ¶16)(emphasis added).

3

PACIFIC GAS AND ELECTRIC COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY ARBITRATION
(Case No. CV 08 1211 CW)

### 2. The Parol Evidence Rule Applies To The Agreements.

The Parol Evidence Rule precludes introduction of evidence relating to any alleged prior or contemporaneous oral agreement. C.C.P. § 1856(a); *Iconix, Inc. v. Tokuda*, 457 F. Supp.2d 969, 977 (N.D.Cal. 2006). The Rule prohibits introduction of any extrinsic evidence, whether oral or written, to vary, alter or add to the terms of an integrated written instrument intended by the parties thereto as the final expression of their agreement. (C.C.P. § 1856(a); *Alling v. Universal Manufacturing Corp.*, (1992) 5 Cal.App.4th 1412, 1433-1434; Rest. 2d Contracts, Section 209(1) 2 Witkin, Cal. Evidence (3rd Edition 1986) Documentary Evidence, Sections 960, 967, pages 98, 915-916.)

The subject integration clause in the Severance Agreements expressly supercedes all prior agreements and states that the agreements set forth the entire agreement between the parties. The cases Respondents cite do not support their contrary arguments. First, the case law Respondents rely on in arguing that the Parol Evidence Rule does not apply did not involve contracts with integration clauses. In *Bowman v. Santa Clara County*, 153 Cal. App. 2d 707 (1957), the subject contract stated simply "Dig ditch for 18' x 21' x 24' pipe at 50 [cents] per foot." *Id.* at 710. (See also, *Wallis v. Farmers Group, Inc.*, 220 Cal. App. 3d 718 (1990) and *Masterson v. Sine*, 68 Cal.2d 222 (1968)). Second, Respondents cite cases in accord with the position that the Parol Evidence Rule cannot alter or contradict the agreement at issue or to prove the existence of a collateral agreement (*See, Hayter Trucking, Inc. v. Shell Western E&P, Inc.*, 18 Cal.App.4th 1 (1993); *Casa Herrera v. Beydoun*, 32 Cal.4th 336 (2004) and *Bionghi v. Metropolitan Water District*, 70 Cal. App. 4th 1358 (1999). For example, in *Pacific State Bank v. Green,* 110 Cal. App. 4th 375 (2003), the plaintiff claimed a factual misrepresentation as to the content of the contract she signed, specifically, she was told she was contracting to guarantee one loan but the "fine print" on the contract guaranteed four loans. (*Id.* at 393.) She claimed the party lied as to the content of the agreement. In this case, Respondents do not assert deception as to the contents of the Severance Agreements. They are asserting the existence of a separate contract. For this reason, the facts underlying *Green* are distinguished from this case and in accord that prior promises at variance with the terms of a contract are not admissible. *Id.* at 379.

PACIFIC GAS AND ELECTRIC COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY ARBITRATION
(Case No. CV 08 1211 CW)

4

Also, Respondents' approach is to assert inconsistent arguments in hopes that one survives dismissal. Their inconsistent positions demonstrate the weakness of each argument. On the one hand, Respondents assert that the alleged "oral promises are part of the Severance Agreement and Release." (Resp. Opp. at 14:13-14.) This is incorrect, as demonstrated above.

On the other hand, Respondents assert the oral promise was not "incorporated" into the Severance Agreement but was "an additional term of the parties agreement." (Respondents Opp. at 15:17-21, 16:5-24). They argue that the alleged promise does not "alter or contradict the Severance Agreements." (Resp. Opp. At 16:17-19.) This is incorrect. First, the Agreements expressly supercede any prior promises. Second, the law prohibits extrinsic evidence that "adds" to the parties' agreement. (*Alling*, *supra*, 5 Cal.App.4th at 1433-1434)

Respondents voluntarily executed the Severance Agreements thereby conceding the Severance Agreements contained the entire agreements between the parties. Ordinarily, one who signs an instrument which on its face is a contract is deemed to assent to all its terms. *Metters*, *supra*, 2008 WL 542838, *3, citing *Marin Storage and Trucking, Inc. v. Benco Contracting and Engineering, Inc.* (2001) 89 Cal. App. 4th 1042, 1049.

Based on Respondents' own authority, the Parol Evidence Rule bars evidence of an alleged oral agreement offered by Respondents.

### 3. The Severance Agreements Were Not Contracts Of Adhesion.

This Court rejected Respondents' arguments that the Severance Agreements were contracts of adhesion. As this Court previously explained, Respondents failed to show that the Severance Agreements were procedurally unconscionable.[4] Indeed, the circumstances surrounding the execution of the Severance Agreements bear none of the coercive earmarks typically associated with procedural unconscionability.

Respondents did not have to enter into the Agreements and could have continued employment with PG&E. Indeed, the Severance Agreements were replete with cautionary

---

[4] Kumagai Dec., ¶18, Exhibit 14, Order Granting Defendant PG&E's Motion to Dismiss with Leave to Amend at 17:23-19:14.

5

PACIFIC GAS AND ELECTRIC COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY ARBITRATION
(Case No. CV 08 1211 CW)

language. For example, paragraph 16 states that Respondents have been advised to "consult legal counsel of his/her choosing." While Respondents claim they were "induced to enter the Severance Agreements because they were promised that they would get their 60 month right to re-employment," (Opp. at 17:10-12) the Severance Agreements provide that "the only promises made . . . are those stated herein."[5] Moreover, the following cautionary warning appears in all-bold, all-capital letters immediately above the signature line in the Severance Agreements:

> **PLEASE READ CAREFULLY. THIS SEVERANCE AGREEMENT AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Respondents were not forced to enter into the agreements. Respondents' suggestion that PG&E's reading of the Severance Agreements would allow it to ignore its obligations thereunder is specious. PG&E did not ignore its obligations under the Severance Agreements. To the contrary, PG&E paid $58,183.24 to Knowles and $67,520.59 to Hicks in consideration of the Severance Agreements. Respondents received benefits of the bargain.[6]

The Severance Agreements were not unconscionable.

### C. Arbitrator Brand Acted In Manifest Disregard Of the Law In Finding The Alleged Oral Contract Claims Were Not Preempted

Section 301 preempts any individual labor contract inconsistent with a collective bargaining agreement in order to assure uniform federal interpretation of the collective agreement. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 1001 (9th Cir. 1987); *Associated Builders & Contractors v. Intern of Elec. Workers v. Local 302*, 109 F.3d 1353, 1356 (9th Cir. 1979). Arbitrator Brand acted in manifest disregard of the law in finding the alleged oral contracts were not preempted, contrary to established law.

In their opposition, Respondents concede that the benefits promised in the alleged oral agreement were contained in the CBA and that the Court ruled Respondents' claims, including

---

[5] Kumagai Dec., ¶4, Exhibit 3, Exhibits A and B (Severance Agreements, ¶16)(emphasis added).
[6] Respondents' arguments regarding Civil Code §1542 (Opp. at 17:26-18:18) are beside the point as PG&E neither cited nor relied on Civil Code §1542 its moving papers herein.

PACIFIC GAS AND ELECTRIC COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY ARBITRATION
(Case No. CV 08 1211 CW)

6

the alleged oral contract, were preempted by Section 301. Respondents state that "after all of this, and despite being informed of the federal court's ruling, Arbitrator Brand found that the causes of action were not all preempted by Section 301 and were, in fact arbitrable." (Resp. Opp. at 5:28-6:2.) Respondents argue that the alleged oral agreement promised a benefit that "was just one of the benefits that were also contained in the collective bargaining agreement. Not every claim is preempted, and in this case, the arbitrator reasonably concluded that Plaintiff's claim for breach of oral agreement was not preempted." (Resp. Opp. at 7:23-26.) Respondents conclusorily assert that Arbitrator Brand did not act in manifest disregard of the law, nor were his findings improper. (Resp. Opp. at 6:2-3.)

Indeed, it would be curious result if section 301 preempted state and federal courts from hearing an oral contract claim but would permit a private arbitrator to adjudicate the claim. This outcome would be inconsistent with Congressional intent that there be a uniform body of law regarding collectively bargained agreements.

The Court ruled that the alleged oral agreement is preempted by Section 301. The Arbitrator, fully aware of the Court's ruling, decided the other way - that Respondents' oral contract claim is not preempted. The Arbitrator's findings are contrary to this Court's ruling and established law. Further, the position that section 301 preemption does not apply to private arbitrators is contrary to the purpose of section 301 and preemption laws.

The arbitrator acted in manifest disregard of established law and the public policy underlying section 301.

### D. A Stay Is Warranted As Respondents Are In Violation Of The Primary Right Theory

Respondents are in violation of the primary right theory in that they have filed two actions in which they are pursuing the same claims and seeking the same relief. Contrary to their arguments, PG&E did not "force" them to litigate in two forums and their evidence fails to support this allegation.

Further, neither of the two cases to which Respondents cite in support of their primary right argument are helpful. *Maldonado v. Harris*, 370F.3d 945 (9th Cir. 2004) is a collateral

7

PACIFIC GAS AND ELECTRIC COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY ARBITRATION
(Case No. CV 08 1211 CW)

estoppel case involving a dispute between the owner of a commercial building (who persisted in posting improper advertisements) and the California Department of Transportation ("DOT") resulting in two separate and distinct actions – one for nuisance against the building owner, and the second against the DOT for violation of First Amended rights. Reversing a lower court ruling, the Ninth Circuit held that collateral estoppel did not preclude the second action because that action sought to vindicate the owner's First Amendment rights, whereas the first action concerned the owner's right to advertise on his billboard. *Id.* at 952. The court noted that "because the primary rights involved in the two suits are different, the causes of action are also different." *Id.* Obviously, *Maldonado* does not apply where, as here, a party is simultaneously pursuing the same claims and seeking the same relief in two forums.

*Morris v. Blank*, 94 Cal. App. 4th 823 (2001) is equally inapplicable. That case arose out of a two-car collision, following which the occupants of each vehicle filed a lawsuit against the occupants of the other vehicle. The two suits in *Morris* were filed by separate parties, involved different causes of action and sought different relief. The passage Respondents quote proves PG&E's point: "Here, Morris' superior court litigation is on a different cause of action . . . involving separate and distinct torts, namely, Blank's negligence, from those at issue in Blank's municipal court case, namely, Morris' negligence." (Opp. at 13:5-8) *Morris* does not apply where, as here, the same party is pursuing two actions, asserting the same claims and seeking the same relief.

Respondents' suggestion that equity should prevent application of the primary right theory (Opp. at 13:18-28) is meritless. Indeed, equity calls for application of the primary right theory as Respondents are simultaneously pursuing the same claims and seeking the same relief in two forums. *Phillips v. Western Pacific Railroad Co.*, 22 Cal. App. 3d 441 (1971), cited by Respondents, recognized an equitable exception to the primary right theory in a partial subrogation scenario and has no applicability here. In *Phillips*, an insurance company sued a railroad that was responsible for a fire that destroyed real and personal property owned an insured. *Id.* at 442. 43. The insurer also named the insured as a defendant. The insurance

8

PACIFIC GAS AND ELECTRIC COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY ARBITRATION
(Case No. CV 08 1211 CW)

company subsequently accepted the railroad's offer of judgment and the railroad then argued that the primary right theory prevented the insured from proceeding on their cross-complaint. The court disagreed, finding partial subrogation to be a situation in which there could be an equitable exception to the primary right theory. Id. at 445.

### III. CONCLUSION

For the foregoing reasons, PG&E requests the Court grant its motion to vacate the Arbitrator's Award.

DATED: April 3, 2008                    LAFAYETTE & KUMAGAI LLP


                                        /s/ Susan T. Kumagai
                                        SUSAN T. KUMAGAI
                                        Attorneys for Defendant
                                        PACIFIC GAS & ELECTRINC COMPANY

N:\Documents\PGE\Know\Pldg\USDC - TEH\Reply ISO Motion to Vacate.doc

9

PACIFIC GAS AND ELECTRIC COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE ARBITRATOR'S INTERIM AWARD AND TO STAY ARBITRATION
(Case No. CV 08 1211 CW)