IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of Arbitration between<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>    Petitioner,<br><br>  and<br><br>THOMAS KNOWLES and THOMAS HICKS,<br><br>    Respondents.<br>_____/ | No.  CV-08-1211 CW<br><br>ORDER DENYING PG&E'S PETITION TO VACATE ARBITRATION AWARD |

    Petitioner PG&E submitted a petition for an order vacating the interim arbitration award entered in Respondents' favor and a motion to stay the arbitration proceeding. Respondents Thomas Knowles and Thomas Hicks oppose PG&E's petition and motion. The matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court DENIES PG&E's petition to vacate the interim arbitration award and DENIES PG&E's motion to stay arbitration proceedings.

BACKGROUND

Knowles and Hicks were employees of PG&E and were employed at a PG&E power plant called the Geysers. PG&E operated the Geysers until 1999, when it sold the plant. To ensure the new owners could safely continue operations of the plant, the California Public Utilities Commission required that PG&E enter into a two-year agreement for the operation and maintenance of the plant (O&M Period).

In 1997, PG&E and the union, the International Brotherhood Electrical Workers, Local 1245 (IBEW), agreed upon a benefits package for certain employees laid off due to the divestiture of the power plants. The benefits package was memorialized in a April 14, 1997 Letter Agreement. The Letter Agreement applied only to "Title 200 Steam Generation" employees. The Letter Agreement was executed pursuant to §§ 400.1-4.00.4 of the Collective Bargaining Agreement (CBA). The CBA granted qualified employees preferential re-employment rights up to thirty months after a layoff. The Letter Agreement increased the re-employment rights for certain Title 200 Steam Generation employees to sixty months.

Knowles and Hicks worked at the Geysers until the end of the two-year O&M Period. Knowles and Hicks voluntarily resigned from PG&E in May, 2001, and in July, 2001, each entered into a written Severance Agreement and Release.

The Severance Agreement and Release states, in part:
> Any dispute regarding any aspect of this Severance Agreement and Release, including its validity, interpretation, or any action which would constitute a violation of this Severance Agreement and Release (hereinafter referred to as an "arbitrable dispute") shall be resolved

2

>by an experienced arbitrator, selected by the parties in accordance with the rules of the American Arbitration Association. . . . The parties agree that arbitration shall be the exclusive remedy for resolving arbitrable disputes and that the decision of the arbitrator shall be final and binding.

Severance Agreement and Release at ¶ 11.

In their arbitration papers, Knowles and Hicks allege that PG&E, through its employee Deanna Radford, orally represented to them that they were entitled to a sixty-month preferential re-employment benefit, which caused Respondents to work during the O&M period and to wait until sixty-month period nearly ended before seeking re-employment with PG&E. Kumagai Dec., Ex. 2 at 1-3. When Knowles and Hicks both requested re-employment, PG&E denied their requests and denied ever making such promise of re-employment. Id. at 2.

PROCEDURAL HISTORY

On August 23, 2006, Knowles and Hicks filed an action in state court against PG&E for failing to provide them a sixty-month preferential re-employment benefit, alleging state law causes of action. See Knowles v. Pacific Gas & Electric, case number CGC-06-455483. On October 30, 2006, Knowles and Hicks voluntarily dismissed that case without prejudice in order to pursue arbitration.

On or about January 12, 2007, Knowles and Hicks filed demands for arbitration with the American Arbitration Association, in which they alleged that PG&E breached its contractual obligations that guaranteed them employment benefits and preferential rights to re-employment.

3

On March 1, 2007, PG&E filed an objection to jurisdiction and arbitrability of claims, a response to the demand for arbitration and a counterclaim. On March 21, 2007, Knowles and Hicks filed a response to PG&E's counterclaim in which they provided a more descriptive restatement of their claims. The Arbitrator summarized Knowles and Hicks' claim as follows:

> 1. They were entitled to a 60 month preferential right to re-employment because:
>    a. They were covered by a certain agreement between PG&E and IBEW that contained these rights, and
>    b. PG&E personnel specifically promised them preferential re-employment rights, upon which they relied, before they entered into the Severance Agreement and Release.

Interim Award at 3-4.

On June 29, 2007 Knowles and Hicks opposed PG&E's counterclaim. They argued that their breach of contract claim was based on the fact that they were classified as Base Personnel employees and that this classification conferred upon them the entire benefits package provided to Steam Generation employees, including preferential re-employment rights.

Meanwhile, on April 26, 2007, Knowles and Hicks filed a new federal complaint against PG&E and Deanna Radford, a PG&E employee, alleging the same state causes of action they had stated in their original complaint in state court.

On November 29, 2007, this Court granted, with leave to amend, PG&E's motion[1] to dismiss Knowles and Hicks' complaint, concluding

---

[1] At the time PG&E filed its motion to dismiss, Radford had not yet been served.

4

that Knowles and Hicks' state law causes of actions for: (1) breach of contract; (2) specific performance; (3) breach of the implied covenant of good faith and fair dealing; and (4) age discrimination under FEHA were preempted by § 301 of the Labor Management Relations Act (LMRA).  The Court granted leave to amend to state a claim under the LMRA.  The Court also dismissed the fraud claim, granting leave to amend to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

On November 16, 2007, PG&E sent Arbitrator Brand a letter informing him of the Court's order granting PG&E's motion to dismiss based on LMRA preemption.  PG&E requested a stay of the arbitration proceeding until final determination of the civil action or acknowledgment that the Court's rulings were correct and applied to the claims raised in the arbitration.  On November 20 and 27, 2007, Knowles and Hicks sent letters in opposition to PG&E's letter and informed Arbitrator Brand that the Court granted them leave to amend the complaint to allege claims under Section 301.

On December 3, 2007, Arbitrator Brand issued an interim award granting in part and denying in part PG&E's motion to dismiss as follows:

> 1. Claimants' assertion they are entitled to a sixty month preferential right to rehire under the "Employee Severance and Displacement Plan" contained in the CBA is not arbitrable.
>
> 2. Claimants' age discrimination claim is not arbitrable.
>
> 3. Claimants' allegation of an oral agreement to provide them a sixty month preferential right to rehire – as part of the Severance

5

>Agreement and Release, or to induce them to sign it – is arbitrable.
>
>4. Claimants' assertion of violation of the covenant of good faith and fair dealing is arbitrable.

Interim Award at 11.

On February 27, 2008, PG&E filed this petition to vacate the arbitrator's interim award and to stay arbitration. PG&E asserts that Arbitrator Brand exceeded his powers and acted in manifest disregard of the law because: (1) the severance agreements are fully integrated and were the parties' final expression of their agreement, (2) no writing exists establishing an agreement to arbitrate oral contacts between the parties, and (3) Arbitrator Brand improperly found that some of Knowles and Hicks' claims were not preempted by § 301. Knowles and Hicks oppose this petition.

## Legal Standard

I. Vacating Interim Arbitration Awards

Under the Federal Arbitration Act (FAA), courts may review final arbitration awards; however, no interlocutory review is intended of interim awards. 9 U.S.C. § 1 et seq.; Millmen Local 550, United Broth. of Carpenters and Joiners of America, AFL-CIO v. Wells Exterior Trim, 828 F.2d 1373, 1376 (9th Cir. 1987); Pacific Bell v. Covad Communications Co., 1999 WL 390840, at *2 n.1 (N.D. Cal.). Only in the most extreme cases will judicial review of a non-final award be proper. Aerojet-General Corp. v. American Arbitration Ass'n, 478 F.2d 248, 251 (9th Cir. 1973). To allow judicial intervention prior to the final award would contravene the fundamental federal policy of deference to contractual dispute

6

resolution procedures, and would interfere with the purpose of arbitration: the speedy resolution of grievances without the time and expense of court proceedings. United Steelworkers v. American Mfg. Co., 363 U.S. 564, 566-68 (1960); Kemner v. District Council of Painting and Allied Trades No. 36, 768 F.2d 1115, 1118 (9th Cir. 1985); Aerojet-General, 478 F.2d at 251; Pacific Bell, 1999 WL 390840, at *2. Moreover, interlocutory review of non-final arbitration awards would defeat the purpose of 28 U.S.C. § 1291 to avoid piecemeal litigation of a claim. See, e.g., Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949); Liberian Vertex Transports, Inc. v. Associated Bulk Carriers, Ltd., 738 F.2d 85, 87 (2d Cir. 1984).

II. Stay of Arbitration

The decision whether to stay arbitration proceedings is committed to the discretion of the district court. Sheet Metal Workers' Intern. Ass'n, Local No. 252 v. Standard Sheet Metal, 1. Inc., 699 F.2d 481 (9th Cir. 1983).

DISCUSSION

I. Vacating Arbitrator's Interim Award

PG&E petitions the Court to vacate Arbitrator Brand's interim award, pursuant to the FAA, 9 U.S.C. § 10(a)(4). Arbitrator Brand found that PG&E's alleged oral promise to Knowles and Hicks was not preempted by § 301 of the LMRA and was therefore arbitrable. However, Arbitrator Brand expressly stated that his interim award did not include "judgment about the merits of the claim there was an oral agreement to provide Claimants a sixty month re-hire right." Interim Award at 7. Because this award is not final, it

7

is not reviewable by this Court.

Although judicial review of interim awards is allowed in extreme cases, <u>Aerojet-General Corp.</u>, 478 F.2d at 251, PG&E has not offered any compelling reason for immediate review. PG&E argues that Arbitrator Brand exceeded his authority and acted in manifest disregard of the law when he found the alleged oral promise arbitrable. The FAA provides these grounds for vacating a final, but not an interim, arbitration award. <u>See</u> 9 U.S.C. § 10. PG&E has not explained what irreparable harm or injury this interim award will cause it. The Court does not find this to be an extreme case warranting an exception to the general rule.

For these reasons, the Court denies PG&E's petition to vacate the interim arbitration award.

II. Staying Arbitration

PG&E also asks the Court to stay the arbitration proceedings pending resolution of the federal civil action. Because the Court, by separate order, dismisses Knowles and Hicks' complaint without leave to amend, this request is moot.

Accordingly, the Court DENIES PG&E's motion to stay the arbitration.

8

CONCLUSION

For the reasons explained above, PG&E's petition to vacate Arbitrator Brand's Interim Award and motion to stay the arbitration proceedings are DENIED. The Clerk shall enter judgment. Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: 5/5/08



CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE